**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FAN ZHANG, Individually and on Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>  vs.<br><br>GROUPON, INC., ANDREW D. MASON, JASON E. CHILD, JOSEPH M. DEL PRETO, ERIC P. LEFKOFSKY, THEODORE J. LEONSIS, PETER J. BARRIS, KEVIN J. EFRUSY, MELLODY HOBSON, BRADLEY A. KEYWELL, HOWARD SCHULTZ, MORGAN STANLEY & CO. LLC, GOLDMAN, SACHS & CO., CREDIT SUISSE SECURITIES (USA) LLC, ALLEN & COMPANY LLC, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, BARCLAYS CAPITAL INC., CITIGROUP GLOBAL MARKETS INC., DEUTSCHE BANK SECURITIES INC., J.P. MORGAN SECURITIES LLC, WELLS FARGO SECURITIES, LLC, WILLIAM BLAIR & COMPANY L.L.C., LOOP CAPITAL MARKETS, INC., RBC CAPITAL MARKETS LLC and THE WILLIAMS CAPITAL GROUP, L.P.,<br><br>                      Defendants. | Case No. 12-cv-02450<br><br>Honorable Charles R. Norgle, Sr. |

[Caption continued]

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION OF GUS SEKAS FOR CONSOLIDATION, APPOINTMENT
<u>AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL</u>**

| | |
|---|---|
| KATHLEEN ROSELLI, Individually And On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> vs.<br><br>GROUPON, INC., ERIC P. LEFKOFSKY, ANDREW D. MASON, JASON CHILD, KEVIN EFRUSY, THEODORE J. LEONSIS, HOWARD SCHULTZ, JOSEPH M. DEL PRETO, MORGAN STANLEY & CO. LLC, GOLDMAN, SACHS & CO., CREDIT SUISSE SECURITIES (USA) LLC,<br><br>     Defendants. | Case No. 12-cv-02460<br><br>Honorable Charles R. Norgle, Sr. |
| DENNIS EINSPAHR, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> vs.<br><br>GROUPON, INC., JASON E. CHILD, JOSEPH M. DEL PRETO, ANDREW D. MASON, ERIC P. LEFKOFSKY, PETER J. BARRIS, KEVIN J. EFRUSY, MELLODY HOBSON, BRADLEY A. KEYWELL, THEODORE J. LEONSIS, HOWARD SCHULTZ, MORGAN STANLEY & CO. LLC, GOLDMAN, SACHS & CO., CREDIT SUISSE SECURITIES (USA) LLC, ALLEN & COMPANY LLC, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, BARCLAYS CAPITAL INC., CITIGROUP GLOBAL MARKETS INC., DEUTSCHE BANK SECURITIES INC., J.P. MORGAN SECURITIES LLC, WELLS FARGO SECURITIES, LLC, WILLIAM BLAIR & COMPANY LLC., LOOP CAPITAL MARKETS, INC., RBC CAPITAL MARKETS LLC and THE WILLIAMS CAPITAL GROUP, L.P.,<br><br>     Defendants. | Case No. 12-cv-02547<br><br>Honorable Charles R. Norgle, Sr. |

| | |
|---|---|
| JOHN PEDROW, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>  vs.<br><br>GROUPON, INC., ANDREW D. MASON, JASON E. CHILD, JOSEPH M. DEL PRETO, ERIC P. LEFKOFSKY, THEODORE J. LEONSIS, PETER J. NARRIS, KEVIN J. EFRUSY, MELLODY HOBSON, BRADLEY A. KEYWELL, HOWARD SCHULTZ, MORGAN STANLEY & CO. LLC, GOLDMAN, SACHS & CO., CREDIT SUISSE SECURITIES (USA) LLC, ALLEN & COMPANY LLC, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, BARCLAYS CAPITAL INC., CITIGROUP GLOBAL MARKETS INC., DEUTSCHE BANK SECURITIES INC., J.P. MORGAN SECURITIES LLC, WELLS FARGO SECURITIES, LLC, WILLIAM BLAIR & COMPANY L.L.C., LOOP CAPITAL MARKETS, INC., RBC CAPITAL MARKETS LLC and THE WILLIAMS CAPITAL GROUP, L.P.,<br><br>                    Defendants. | Case No. 12-cv-02791<br><br>Honorable Charles R. Norgle, Sr. |
| JOHN H. COTTRELL, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>  vs.<br><br>GROUPON, INC., ANDREW D. MASON, JASON E. CHILD, JOSEPH M. DEL PRETO, ERIC P. LEFKOFSKY, THEODORE J. LEONSIS, PETER J. NARRIS, KEVIN J. EFRUSY, MELLODY HOBSON, BRADLEY A. KEYWELL, HOWARD SCHULTZ, MORGAN STANLEY & CO. LLC, GOLDMAN, SACHS & CO., CREDIT SUISSE SECURITIES (USA) | Case No. 12-cv-03129<br><br>Honorable Charles R. Norgle, Sr. |

LLC, ALLEN & COMPANY LLC, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, BARCLAYS CAPITAL INC., CITIGROUP GLOBAL MARKETS INC., DEUTSCHE BANK SECURITIES INC., J.P. MORGAN SECURITIES LLC, WELLS FARGO SECURITIES, LLC, WILLIAM BLAIR & COMPANY L.L.C., LOOP CAPITAL MARKETS, INC., RBC CAPITAL MARKETS LLC and THE WILLIAMS CAPITAL GROUP, L.P.,

                    Defendants.

Lead plaintiff movant Gus Sekas ("Mr. Sekas") respectfully submits this memorandum of law in support of his Motion for: (1) consolidation of related actions; (2) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B) and 77z-1(a)(3)(B);[1] (3) approval of his selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel; and (4) approval of his selection of Lasky & Rifkind, Ltd. ("Lasky & Rifkind") as Liaison Counsel.

**I.     PRELIMINARY STATEMENT**

Currently pending in this District are at least five class actions (the "Related Actions") brought on behalf of all persons who purchased Groupon, Inc. ("Groupon" or the "Company") common stock between November 4, 2011 and March 30, 2012 (the "Class Period"), including those persons or entities who acquired securities pursuant or traceable to the Company's November 4, 2011 initial public offering ("IPO"). The Related Actions allege violations of Sections 10(b) and 20(a) of the Exchange Act, Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), and Sections 11, 12(a)(2) and 15 of the Securities Act against certain of Groupon's officers, directors, and underwriters of the IPO ("Defendants").[2] The first action against the Defendants was filed on April 3, 2012 by Fan Zhang. *See* Declaration of Norman Rifkind in Support of Gus Sekas' Motion for Consolidation, Appointment as Lead Plaintiff and Approval of

---

[1]     For the purposes of this memorandum of law, the PSLRA provisions contained in the Securities Exchange Act of 1934 (the "Exchange Act") are cited and citations to the Securities Act of 1933 (the "Securities Act") are omitted, as they are redundant.

[2]     *Zhang v. Groupon, Inc., et al.*, Case No. 12-cv-02450 (N.D. Ill. filed April 3, 2012), *Einspahr v. Groupon, Inc., et al.*, Case No. 12-cv-02547 (N.D. Ill. filed April 6, 2012) and *Pedrow v. Groupon, Inc., et al.*, Case No. 12-cv-02791 (N.D. Ill. filed April 16, 2012) assert claims under Sections 10(b) and 20(a) of the Exchange Act and Sections 11 and 15 of the Securities Act. *Roselli v. Groupon, Inc., et al.*, Case No. 12-cv-02460 (N.D. Ill. filed April 3, 2012) and *Cottrell v. Groupon, Inc., et al.*, Case No. 12-cv-03129 (N.D. Ill. filed April 27, 2012) assert claims under Sections 10(b) and 20(a) of the Exchange Act and Sections 11, 12(a)(2) and 15 of the Securities Act.

Selection of Counsel ("Rifkind Decl."), Ex. A. The Related Actions involve common issues of law and fact and should be should be consolidated. *See* Fed. R. Civ. P. 42(a) ("Rule 42(a)").

After the Court's ruling on consolidation, Mr. Sekas should be selected as lead plaintiff because, to the best of his knowledge, he has the largest financial interest in the relief sought by the class. *See* Rifkind Decl., Exs. B-C; 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Mr. Sekas satisfies the requirements of Fed. R. Civ. P. 23 ("Rule 23") because his claims are typical and he will fairly and adequately represent the class's interests. *See Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 580 (N.D. Ill. 2005) ("Only two of the Rule 23 requirements pertain to representative plaintiffs: typicality and adequacy."). Further, in accordance with the PSLRA, Mr. Sekas's selection of lead counsel should be approved. *See* §III.C, *infra*; 15 U.S.C.§ 78u-4(a)(3)(B)(v).

## II. SUMMARY OF THE ACTION

Groupon operates an e-commerce marketplace that connects merchants to consumers by offering goods and services at a discount. The Company operates by sending daily emails to its subscribers regarding discounted offers for goods and services that are targeted by location and personal preferences. Consumers can also access deals offered by Groupon directly through the Company's Website and mobile application. Groupon was founded in 2008 and is headquartered in Chicago, Illinois. The Company's common shares trade on the NASDAQ under the ticker "GRPN."

The Class Period begins on November 4, 2011 to coincide with Groupon's IPO. On this date, the Company offered 35 million shares of Groupon common stock to the public at a price of $20 per share. The Company filed a Form S-1/A Registration Statement and Prospectus (the "Offering Documents") with the SEC on November 3, 2011 in connection with the IPO. In the

Offering Documents, the Company made the following statements, among others, regarding its financial condition, its growth prospects, and its strong cash position:

- "The unaudited information was prepared on a basis consistent with that used to prepare our audited financial statements and includes all adjustments, consisting of normal and recurring items, that we consider necessary for a fair presentation of the unaudited period."

- "[O]ur scale creates competitive advantages that even the largest technology companies are having trouble penetrating. And with the launch of NOW, I suspect our competition will have an even harder time in light of the natural barriers to entry that are needed to build a real-time local deals marketplace."

- "We've never been stronger."

- "In other words, we're doing the opposite of running out of money."

On February 8, 2012, Groupon issued a press release announcing its fourth quarter and full year 2011 results. The Company reported a net loss of ($42.7 million), or ($0.08) diluted EPS, and revenue of $506.5 million for the fourth quarter of 2011. Additionally, the Company reported a net loss of ($350.8 million), or ($0.97) diluted EPS, and revenue for the 2011 full year of $1.6 billion. Further, the Company provided first quarter 2012 guidance, with income from operations expected to be between $15 million and $35 million and revenue expected to be between $510 million and $550 million.

Then, on March 30, 2012, after the market close, Groupon issued a press release announcing a revision to its fourth quarter and full year 2011 results (released on February 8, 2012). The Company reported a reduction in its fourth quarter 2011 revenue of $14.3 million after initially reporting sales of $506.5 million. This resulted in an increase to Groupon's fourth quarter 2011 operating expenses that reduced operating income by $30 million, net income by $22.6 million, and EPS by $0.04. Groupon attributed the revisions to a shift in the Company's fourth quarter deal mix and higher price point offers, which resulted in higher refund rates. The

3

Company also admitted that its internal controls were ineffective. On this news, Groupon's stock dropped $3.10 per share to close at $15.28 per share on April 2, 2012, a decline of 17% on volume of 10 million shares.

### III. ARGUMENT
#### A. The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [] has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). There are at least five related securities class actions pending in this District on behalf of investors who purchased Groupon common stock in or traceable to the IPO and/or during the Class Period:

| Abbreviated Case Name | Case Number | Date Filed |
| --- | --- | --- |
| *Zhang v. Groupon, Inc., et al.,* | 1:12-cv-02450 | April 3, 2012 |
| *Roselli v. Groupon, Inc., et al.,* | 1:12-cv-02460 | April 3, 2012 |
| *Einspahr v. Groupon, Inc., et al.,* | 1:12-cv-02547 | April 6, 2012 |
| *Pedrow v. Groupon, Inc., et al.,* | 1:12-cv-02791 | April 16, 2012 |
| *Cottrell v. Groupon, Inc., et al.,* | 1:12-cv-03129 | April 27, 2012 |

Here, the Related Actions present nearly identical factual and legal issues arising out of the same alleged course of misconduct and involve the purchase of Groupon common stock based on material misstatements and omissions during the Class Period. All of the actions assert similar claims, against nearly all of the same defendants over an identical class period. Accordingly, consolidation of the Related Actions under Rule 42(a) is appropriate. *See Topaz Realty v. Northfield Labs., Inc.*, 2006 U.S. Dist. LEXIS 77613, at *6-7 (N.D. Ill. June 19, 2006) (consolidation is appropriate where the actions involve common questions of law or fact).

4

B.     **The PSLRA's Lead Plaintiff Provisions**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the plaintiff who files the initial action must publish a notice within twenty days, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Second, within sixty days of the publication of notice, any person who is a member of the proposed class may apply to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3)(A)(i)(II). Third, within ninety days after publication of notice, courts shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
> (aa)   has either filed the complaint or made a motion in response to a notice…;
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc)   otherwise satisfies the requirements of Rule 23.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Here, the relevant notice to investors advising them of their right to move for appointment as lead plaintiff was published in *Business Wire* on April 3, 2012. *See* Rifkind Decl., Ex. A. The notice advised class members of the existence of the lawsuit and described the claims asserted therein. The notice also advised class members of their right to file a motion to be appointed as lead plaintiff within sixty days of the date of the notice. Based on the

5

publication of this notice, the time period in which class members may move to be appointed lead plaintiff in this case expires June 4, 2012. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

Pursuant to the PSLRA, and within the requisite time frame after publication of the required notice, Mr. Sekas timely moves this Court to be appointed lead plaintiff on behalf of all members of the class. In addition, Mr. Sekas has selected and retained counsel experienced in the prosecution of securities class actions to represent it and the class. *See* Rifkind Decl., Exs. D-E. Accordingly, Mr. Sekas satisfies the PSLRA's filing requirements and is entitled to have his application for appointment as lead plaintiff considered by the Court.

### C.  Mr. Sekas Is the "Most Adequate Plaintiff"

#### 1.  Mr. Sekas Has the Largest Financial Interest in the Relief Sought by the Class

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff the movant who have the largest financial interest in the class action. Mr. Sekas suffered losses of $82,300 based on his Class Period purchases of Groupon stock due to Defendants' misconduct.[3] *See* Rifkind Decl., Exs. B-C. The loss is the same under either a first-in, first-out or last-in, first-out analysis. To the best of Mr. Sekas's knowledge, his financial interest in this matter is the largest of any competing lead plaintiff movant. Accordingly, Mr. Sekas should be appointed lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

#### 2.  Mr. Sekas Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of

---

[3] Mr. Sekas' financial interest is calculated based on the current 90-day mean trading price of Groupon's stock as of June 4, 2012. *See* 15 U.S.C. §78u-4(e)(1) ("the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market.").

Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Although Rule 23 includes four requirements, at this stage of the litigation, only a preliminary showing of typicality and adequacy is required. *See Takara Trust*, 229 F.R.D. at 580 ("Only two of the Rule 23 requirements pertain to representative plaintiffs: typicality and adequacy.").

### a. Mr. Sekas's Claims Are Typical of the Class's Claims

Under Rule 23(a), claims are typical if they "'arise[] from the same event or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (quoting *De La Fuente v. Stokley-Van Camp Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)). The claims of the lead plaintiff, however, need not be identical to the claims of the class to satisfy typicality. *See De La Fuente*, 713 F.2d at 232-33 ("The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members.").

Here, Mr. Sekas is typical because, just like all other class members he purchased or otherwise acquired Groupon common stock during the Class Period based on materially false and misleading statements and/or omissions. *See In re Motorola Sec. Litig.*, 2003 U.S. Dist. LEXIS 12651, at *11 (N.D. Ill. July 16, 2003). As such, Mr. Sekas's claims are typical of those of other class members because his claims and the claims of other class members arise out of the same course of events. *See* 7 Herbert B. Newberg, *et al.*, *Newberg on Class Actions* §22.24 (4th ed. 2002) ("The majority of class action decisions support the view that when it is alleged that

7

the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is met.").

### b. Mr. Sekas Will Adequately Represent the Interests of the Class

The adequacy requirement is satisfied where the named representative (1) has retained competent counsel, (2) has a sufficient interest in the outcome of the case to ensure vigorous advocacy, and (3) does not have interests antagonistic to those of the class. *See In re Motorola Sec. Litig.*, 2003 U.S. Dist. LEXIS 12651, at *11.

Here, Mr. Sekas satisfies each of these elements and he is therefore an adequate class representative. As evidenced by the injury suffered by Mr. Sekas from purchases of the Company's common stock based on Defendants' violations of federal securities laws, the interests of Ms. Sekas are clearly aligned with the interests of members of the class, and there is no evidence of any antagonism between his interests and those of the other members of the class. In addition, as shown below, Mr. Sekas's proposed Counsel are highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Thus, Mr. Sekas satisfies the typicality and adequacy requirements of Rule 23.

### D. The Court Should Approve Mr. Sekas's Selection of Counsel

The party selected to serve as lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. §78u-4(a)(3)(B)(v). Mr. Sekas has selected and retained Kessler Topaz to serve as lead counsel for the class. Kessler Topaz specializes in prosecuting complex class action litigation and is one of the preeminent law firms in its field. Kessler Topaz is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. Kessler Topaz is currently serving as lead or co-lead counsel in several high profile securities class actions,

including actions involving Lehman Brothers, Medtronic, Johnson & Johnson, Bank of America and UBS and has secured billions of dollars in recoveries for investors. *See* Rifkind Decl., Ex. D.

Similarly, Lasky & Rifkind has regularly acted as counsel, for plaintiffs and defendants, in securities litigation in numerous federal and state courts, and in securities arbitrations. *See* Rifkind Decl., Ex. E. As such, Kessler Topaz and Lasky & Rifkind have extensive experience in securities litigation and are well qualified to represent the class.

## IV. CONCLUSION

For the foregoing reasons Mr. Sekas respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Mr. Sekas as Lead Plaintiff pursuant to the PSLRA; and (3) approve Mr. Sekas's selection of Kessler Topaz to serve as Lead Counsel for the class and Lasky & Rifkind to serve as Liaison Counsel for the class.

Dated: June 4, 2012    Respectfully submitted,

*s/ Norman Rifkind*

**LASKY & RIFKIND, LTD**
Norman Rifkind
Amelia S. Newton
Heidi VonderHeide
351 W Hubbard Street, Suite 401
Chicago, IL 60654
Telephone: (312) 634-0057

*Proposed Liaison Counsel*

**KESSLER TOPAZ
MELTZER & CHECK, LLP**

9

Sean M. Handler
Naumon A. Amjed
Ryan T. Degnan
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Attorneys for Gus Sekas and Proposed Lead Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on June 4, 2012.

                                            */s/ Norman Rifkind*

                                            Norman Rifkind