IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FAN ZHANG, *Individually and on Behalf of All Others Similarly Situated*,<br><br>Plaintiff,<br><br>vs.<br><br>GROUPON, INC., ANDREW D. MASON, JASON E. CHILD, JOSEPH M. DEL PRETO, ERIC P. LEFKOFSKY, THEODORE J. LEONSIS, PETER J. BARRIS, KEVIN J. EFRUSY, MELLODY HOBSON, BRADLEY A. KEYWELL, HOWARD SCHULTZ, MORGAN STANLEY & CO. LLC, GOLDMAN, SACHS & CO., CREDIT SUISSE SECURITIES (USA) LLC, ALLEN & COMPANY LLC, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, BARCLAYS CAPITAL INC., CITIGROUP GLOBAL MARKETS INC., DEUTSCHE BANK SECURITIES INC., J.P. MORGAN SECURITIES LLC, WELLS FARGO SECURITIES, LLC, WILLIAM BLAIR & COMPANY L.L.C., LOOP CAPITAL MARKETS, INC., RBC CAPITAL MARKETS LLC and THE WILLIAMS CAPITAL GROUP, L.P.,<br><br>Defendants. | CIVIL ACTION NO.  12-CV-2450 |
| KATHLEEN ROSELLI, *Individually And On Behalf of All Others Similarly Situated*,<br><br>Plaintiff,<br><br>vs.<br><br>GROUPON, INC., ERIC P. LEFKOFSKY, ANDREW D. MASON, JASON CHILD, KEVIN EFRUSY, THEODORE J. LEONSIS, HOWARD SCHULTZ, JOSEPH M. DEL PRETO, MORGAN STANLEY & CO. LLC, GOLDMAN, SACHS & CO., and CREDIT SUISSE SECURITIES (USA) LLC,<br><br>Defendants. | CIVIL ACTION NO.  12-CV-2460 |

| | |
|---|---|
| DENNIS EINSPAHR, *Individually and on Behalf of All Others Similarly Situated*,<br><br>Plaintiff,<br><br>vs.<br><br>GROUP ON, INC., JASON E. CHILD, JOSEPH M. DELPRETO, ANDREWD. MASON, ERIC P. LEFKOFSKY, PETER J. BARRIS, KEVIN J. EFRUSY, MELLODY HOBSON, BRADLEY A. KEYWELL, THEODORE J. LEONSIS, HOWARD SCHULTZ, MORGAN STANLEY & CO. LLC, GOLDMAN, SACHS & CO., CREDIT SUISSE SECURITIES (USA) LLC, ALLEN & COMPANY LLC, MERRILL LYNCH, PIERCE, FENNER & SMITH INC., BARCLAYS CAPITAL INC., CITIGROUP GLOBAL MARKETS INC., DEUTSCHE BANK SECURITIES INC., J.P. MORGAN SECURITIES LLC, WELLS FARGO SECURITIES, LLC, WILLIAM BLAIR & COMP ANY LLC, LOOP CAPITAL) MARKETS, INC., RBC CAPITAL MARKETS LLC and THE WILLIAMS CAPITAL GROUP, L.P.<br><br>Defendants. | CIVIL ACTION NO. 12-CV-2547 |
| JOHN PEDROW, *Individually and on Behalf of All Others Similarly Situated*,<br><br>Plaintiff,<br><br>vs.<br><br>GROUPON, INC., ANDREW D. MASON, JASON E. CHILD, JOSEPH M. DEL PRETO, ERIC P. LEFKOFSKY, THEODORE J. LEONSIS, PETER J. NARRIS, KEVIN J. EFRUSY, MELLODY HOBSON, BRADLEY A. KEYWELL, HOWARD SCHULTZ, MORGAN STANLEY & CO. LLC, GOLDMAN, SACHS & CO., CREDIT SUISSE SECURITIES (USA) LLC, ALLEN & COMPANY LLC, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, BARCLAYS CAPITAL | CIVIL ACTION NO. 12-CV-2791 |

| | |
|---|---|
| INC., CITIGROUP GLOBAL MARKETS INC., DUETSCHE BANK SECURITIES INC., J.P. MORGAN SECURITIES LLC, WELLS FARGO SECURITIES LLC, WILLIAM BLAIR & COMPANY L.L.C., LOOP CAPITAL MARKETS, INC., RBC CAPITAL MARKETS LLC and THE WILLIAMS CAPITAL GROUP, L.P.,<br><br>           Defendants. | |
| JOHN H. COTTRELL, *Individually and on Behalf of All Others Similarly Situated*,<br><br>           Plaintiff,<br><br>vs.<br><br>GROUPON, INC., ANDREW D. MASON, JASON E. CHILD, JOSEPH M. DEL PRETO, ERIC LEFKOFSKY, THEODORE J. LEONSIS, PETER J. NARRIS, KEVIN J. EFRUSY, MELLODY HOBSON, BRADLEY A. KEYWELL, HOWARD SCHULTZ, MORGAN STANLEY & CO. LLC, GOLDMAN, SACHS & CO., CREDIT SUISSE SECURITIES (USA) LLC, ALLEN & COMPANY) LLC, MERRILL LYNCH, PIERCE, FENNER SMITH INCORPORATED, BARCLAYS CAPITAL INC., CITIGROUP GLOBAL MARKETS INC., DEUTSCHE BANK SECURITIES INC., J.P. MORGAN SECURITIES LLC, WELLS FARGO SECURITIES, LLC, WILLIAM BLAIR & COMPANY L.L.C., LOOP CAPITAL MARKETS, INC., RBC CAPITAL MARKETS LLC and THE WILLIAMS CAPITAL GROUP, L.P.,<br><br>           Defendants. | CIVIL ACTION NO.  12-CV-3129 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE RELATED CASES, APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFFS' SELECTION OF LEAD COUNSEL**

John Pedrow and Stephens Johnson ("Pedrow" and "Johnson" or "Movants") respectfully submit this memorandum of law in support of their Motion to: (1) consolidate related cases; (2) appoint them as Lead Plaintiffs; and (3) approve their selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel.

## I.       PRELIMINARY STATEMENT

Pending before the Court are five related cases brought against Groupon, Inc., ("Groupon"), Andrew Mason, Jason E. Child, Joseph M. Del Preto, Eric P. Lefkofsky, Theodore J. Leonsis, Peter J. Barris, Kevin J. Efrusy, Mellody Hobson, Bradley A. Keywell, Howard Schultz, Morgan Stanley & Co. LLC, Goldman, Sachs & Co., Credit Suisse Securities (USA) LLC, Allen & Company LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Barclays Capital Inc., Citigroup Global Markets Inc., Deutsche Bank Securities Inc., J.P. Morgan Securities LLC, Wells Fargo Securities, LLC, William Blair & Company L.L.C., Loop Capital Markets, Inc., RBC Capital Markets LLC And The Williams Capital Group, L.P. (collectively "Defendants") on behalf of all persons or entities who: (1) purchased or otherwise acquired Groupon common stock pursuant and/or traceable to the Company's Registration Statement and Prospectus (collectively, the "Registration Statement"), as amended, issued in connection with its November 4, 2011 initial public offering (the "IPO" or the "Offering") seeking to pursue remedies under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act"); and on behalf of investors who (2) purchased or otherwise acquired the Groupon common stock during the period from February 8, 2012 through and including March 30, 2012, seeking to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5.

The Private Securities Litigation Reform Act of 1995 ("PSLRA") directs the Court to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i).

- 1 -

The "most adequate plaintiff" is defined as the "person or group of persons" who have the "largest financial interests" in the relief sought by the Class in this litigation and who make a *prima facie* showing that they are an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(1).

As demonstrated herein, Pedrow and Johnson suffered combined losses of $177,444.74 from their investments in Groupon during the Class Period. Further, they satisfy the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as their claims are typical of the other members of the proposed Class and they will fairly and adequately represent the Class.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The complaint charges Groupon, certain of its officers and directors and the underwriters of its Initial Public Offering ("IPO") with violations of the Exchange Act and the Securities Act. Groupon is a local e-commerce marketplace that connects merchants to consumers by offering goods and services at a discount. The complaint alleges that during the Class Period, Defendants issued materially false and misleading statements regarding the Company's business practices and financial results. Specifically, Defendants failed to disclose negative trends in Groupon's business and made false statements regarding Groupon's financial results. As a result of these false statements, Defendants were able to successfully accomplish Groupon's IPO at $20.00 per share, and subsequently, Groupon's stock traded at artificially inflated prices during the Class Period, reaching a high of $26.19 per share on November 18, 2011.

On November 3, 2011, Groupon announced the pricing of its IPO of 35 million shares of common stock at $20 per share for net proceeds of $658 million. As part of the Registration Statement issued in connection with the IPO and during the Class Period, Defendants represented that the Company had competitive advantages which would benefit its business, and reported financial results which showed dramatic growth. Then, on March 30, 2012, after the market

- 2 -

closed, Groupon issued a press release announcing a revision to its fourth quarter and full-year

2011 financial results, including a reduction in its fourth quarter 2011 revenue of $14.3 million.

This resulted in an increase to Groupon's fourth quarter 2011 operating expenses that reduced

operating income by $30 million, net income by $22.6 million, and earnings per share by $0.04.

Groupon attributed the revision to a shift in the company's fourth quarter deal mix and higher

price point offers, which resulted in higher refund rates.  On this news, Groupon's stock dropped

$3.10 per share to close at $15.28 per share on April 2, 2012, a decline of 17% on volume of 10

million shares.  According to the complaint, the true facts, which were known by the Defendants

but concealed from the investing public during the Class Period, were as follows:  (a) Groupon's

financial results were materially false and misleading in violation of Generally Accepted

Accounting Principles ("GAAP"); (b) Groupon's revenues were overstated in violation of

GAAP; (c) Groupon's business was not growing to the extent represented by Defendants and

was not nearly as resistant to competition as suggested by Defendants; (d) the IPO Registration

Statement concealed that Groupon was not in compliance with the laws and regulations of some

of the countries in which it operated, including the United Kingdom; and (e) Groupon's internal

controls were so poor and inadequate that Groupon's reported results were not reliable.

On April 3, 2012, the first of five nearly identical complaints (the "Actions") against the

Defendants was filed before this Court.  That same day, notice of the lawsuit was published on

the *Business Wire*, informing investors of the case and their right to seek to serve as Lead

Plaintiff.  Pedrow and Johnson have timely filed their motion seeking to serve together as Lead

Plaintiffs on behalf of the Class.

010309-11  524541 V1

## III.    ARGUMENT

### A.    The Actions Should Be Consolidated for All Purposes

Consolidation is appropriate where there are multiple actions involving common questions of law or facts.  *See* Fed. R. Civ. P. 42(a); *Taubenfeld v. Career Educ. Corp.*, No. 03 C 8884, 2004 U.S. Dist. LEXIS 4363, at \*3-4 (N.D. Ill. Mar. 22, 2004) (finding consolidation appropriate where cases asserted similar claims for relief); *Mayo v. Apropos Tech., Inc.*, No. 01 C 8406, 2002 U.S. Dist. LEXIS 1924, at \*6 (N.D. Ill. Feb. 7, 2002) (consolidating related cases for pre-trial purposes where cases involved central issues of fact and law, and questions were complex and numerous and would be served by resolution through a common hearing).

Here, the Actions involve essentially the same claims, principally related to Groupon's improper business practices and materially false or misleading financial results.  The Actions name substantially the same defendants.  Each of the Actions is brought by shareholders of Groupon during the same Class Period who were injured by Defendants' fraud that was perpetrated through the issuance of materially false and misleading statements in violation of federal securities laws.  Accordingly, the Actions meet the standard set forth in Rule 42(a) and should be consolidated.

### B.    Pedrow and Johnson Should Be Appointed As Lead Plaintiffs

#### 1.    The Procedural Requirements of the PSLRA.

The PSLRA sets forth a detailed procedure governing the selection of a Lead Plaintiff to oversee "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(1).

*First*, the PSLRA requires that the plaintiff who filed the initial complaint in an action must publish notice to the class not later than twenty days after the date the complaint was filed and that notice must inform the class of the claims asserted in the action and the purported class

- 4 -

period as well as notify them of their right to file a motion to be appointed Lead Plaintiff in the action. 15 U.S.C. § 78U-4(a)(3)(A). Within sixty days of publication of the required notice, any member or members of the proposed class may apply to the court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A)-(B).

The first notice of the pendency of a class action in these Actions was published April 3, 2012 on *Business Wire*, a "widely circulated national business-oriented publication or wire service." 15 U.S.C. § 78u-4(a)(3)(A)(i); *Lax v. First Merchants Acceptance Corp.*, No. 97-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 11, 1997) (noting publication of notice of pendency through *Business Wire* was in compliance with the requirements of the Exchange Act). *See* Kathrein Decl., Ex. 1.[1] The notice indicated that Class Members who sought to move for appointment as Lead Plaintiff in these Actions must do so no later than sixty days after April 3, 2012. Pedrow and Johnson have submitted timely motions to serve as Lead Plaintiff.

*Second*, the PSLRA provides that within ninety days after publication of the notice of pendency, the court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the movant or movants that the court determines to by the most capable of adequately representing the class members' interests. 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining which movant or movants are the "most adequate plaintiff," the PSLRA instructs that:

> The most adequate plaintiff in any private action arising under this chapter is the ***person or group of persons*** that ---
>
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

---

[1] "Kathrein Decl." refers to the Declaration of Reed R. Kathrein in Support of Motion to Consolidate Related Cases, Appoint Lead Plaintiff and Approve Lead Plaintiffs' Selection of Lead Counsel, concurrently filed herewith.

010309-11 524541 V1

(cc) otherwise satisfies the requirements of Rule 23 of the Federal
Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added);

*Johnson v. Tellabs, Inc.*, 214 F.R.D 225, 227-228 (N.D. Ill. 2002).  As discussed below, Pedrow

and Johnson have the largest financial interest in the relief sought by the class, and otherwise

satisfy Rule 23.

**2.     Pedrow and Johnson Are the "Most Adequate Plaintiff" Under the PSLRA.**

**a.     Pedrow and Johnson Made Timely Motions to Be Appointed as Lead Plaintiff.**

As outlined above, the time period that a class member has to move to be appointed as

Lead Plaintiff in the instant action expires on June 4, 2012, sixty days after the notice of

pendency was published.  15 U.S.C. §78u-4(a)(3)(A)(i).  Pursuant to the provisions of the

PSLRA and within the requisite time frame, Pedrow and Johnson timely move this Court to be

appointed as Lead Plaintiffs on behalf of all class members in the Actions, as well as any other

actions deemed to be related by this Court.  A movant need not have filed a complaint.  15

U.S.C. § 78u-4(a)(3)(A)-(B).

**b.     Pedrow and Johnson Have the Largest Financial Interest.**

Pedrow and Johnson's certifications submitted herewith, indicate, among other things,

their transactions in Groupon shares during the Class Period.  *See* Kathrein Decl., Ex. 2.  Those

transactions resulted in losses of $177,444.74 during the Class Period.  *See* Kathrein Decl., Ex. 3.

As of the date of this filing, Pedrow and Johnson are aware of no other class member or movants

whose losses exceed theirs and thus believe that they have suffered the greatest financial loss of

any movant seeking to be appointed Lead Plaintiff in the Actions.  Pedrow and Johnson,

therefore, have the "largest financial interest in the relief sought by the class," as required under

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

- 6 -

        **c.**        **Pedrow and Johnson Satisfy Rule 23.**

Section 27(a)(3)(B)(iii)(I)(cc) of the Securities Act and Section 21D(a)(3)(B)(iii)(I)(cc)

of the Exchange Act, as amended by the PSLRA, provide that the Lead Plaintiff must satisfy the

typicality and adequacy requirements of Rule 23(a). *Takara Trust v. Molex Inc.*, 229 F.R.D. 577,

580 (N.D. Ill. 2005); *Johnson*, 214 F.R.D. at 228 ("In selecting the lead plaintiff under the

PSLRA, [ ] typicality and adequacy of representation are the only relevant considerations.").

Thus, when determining which plaintiff is "most adequate" to represent the proposed

class of Groupon investors, the Court should limit its inquiry to the typicality and adequacy

elements of Rule 23(a) and should reserve its examination of the other two requirements until the

class certification stage. *In re Motorola Secs. Litig.*, No. 03 C 287, 2003 U.S. Dist. LEXIS

12651, at *10 (N.D. Ill. July 23, 2003). As detailed below, Pedrow and Johnson satisfy both the

typicality and adequacy requirements of Rule 23(a), and should therefore be appointed Lead

Plaintiff in this action.

        **d.**        **Pedrow and Johnson Are Typical.**

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties"

are "typical of the claims . . . of the class." The typicality requirement of Rule 23(a)(3) is

satisfied when the representative plaintiffs' claims arise from the same event or course of

conduct that gives rise to claims of other class members, and when the claims are based on the

same legal theory. *See Takara Trust*, 229 F.R.D. at 580. The requirement that the proposed

class representatives' claims be typical of the claims of the class does not mean, however, that

the claims must be identical. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir.

1998).

In this case, the typicality requirement is met because Pedrow and Johnson's claims ***are***

identical to the claims of the other Class members. Pedrow and Johnson and all the members of

the Class purchased Groupon securities when the stock prices were artificially inflated as a result

of the Defendants' misrepresentations and omissions, and thus, both Pedrow, Johnson and the

Class members suffered damages as a result of these purchases.  Simply put, Pedrow and

Johnson, like all the other Class members: (1) purchased Groupon securities; (2) purchased

Groupon securities at artificially inflated prices as a result of Defendants' misrepresentations and

omissions; and (3) suffered damages thereby.

Moreover, Pedrow and Johnson are not subject to any unique or special defenses.  Thus,

they meet the typicality requirement of Rule 23 because their claims are the same as the claims

of the other Class members.

> **e.** **Pedrow and Johnson Will Adequate Protect the Interest of the Class.**

Under Rule 23(a)(4), the party representing the class must "fairly and adequately protect

the interests of the class."  Fed. R. Civ. P. 23(a)(4).  The adequacy requirement is met where a

movant demonstrates that "(1) his claims are not antagonistic or in conflict with those of the

class; (2) he has sufficient interest in the outcome of the case to ensure vigorous advocacy; and

(3) he is represented by competent, experienced counsel who[sic]be able to prosecute the

litigation vigorously." *Johnson*, 214 F.R.D. at 228-29.  *See also Takara Trust* 229 F.R.D. at 580;

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Pedrow and Johnson's interests are clearly aligned with the members of the Class

because their claims are identical to the claims of the Class.  There is no evidence of antagonism

between Pedrow and Johnson's interests and those of proposed Class members.  Furthermore,

Pedrow and Johnson have a significant, compelling interest in prosecuting this action to a

successful conclusion based upon the very large financial loss they incurred as a result of the

wrongful conduct alleged herein.  This motivation, combined with their identical interest with

the members of the Class, clearly shows that Pedrow and Johnson will adequately and vigorously

- 8 -

pursue the interests of the Class. In addition, Pedrow and Johnson have selected counsel that is highly experienced in prosecuting securities class actions such as the case before the Court.

In sum, because of Pedrow and Johnson's common interests with the Class Members, their clear motivation and ability to vigorously pursue this action, and their competent counsel, the adequacy requirement of Rule 23(a) is met in this case. Therefore, since Pedrow and Johnson not only meets both the typicality and adequacy requirements of Rule 23(a), and have sustained the largest amount of losses at the hands of Defendants, Pedrow and Johnson are, in accordance with 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I), presumptively the most adequate plaintiffs to lead this action

**C.      The Court Should Approve the Selection of Lead Counsel**

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Maiden v. Merge Techs., Inc.*, No. 06-C-349, 2006 U.S. Dist. LEXIS 85635, at *14 (E.D. Wis. Nov. 21, 2006) ("This selection should not be disturbed unless necessary to 'protect the interests of the [plaintiff] class.'") (alteration in original; internal citation omitted). Consistent with Congressional intent, a court should not disturb the Lead Plaintiff's choice of counsel, unless it is "necessary to protect the interests of the plaintiff class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Pedrow and Johnson have selected Hagens Berman to serve as Lead Counsel. Hagens Berman is among the top firms in the nation representing plaintiffs in securities class action litigation, having been appointed sole or co-lead in numerous complex securities class actions around the country. *See* Kathrein Decl., Ex. 4. The firm has been highly successful in prosecuting securities fraud class actions and other complex class actions. Accordingly, the Court should approve Pedrow and Johnson's selection of Hagens Berman as Lead Counsel for the Class.

010309-11 524541 V1

## IV.    CONCLUSION

For all of the above reasons, Pedrow and Johnson respectfully request that the Court:

(1) consolidate the related cases; (2) appoint them as Lead Plaintiffs; (3) approve their selection

of Hagens Berman as Lead Counsel for the Class; and (4) grant such other relief as the Court

may deem proper and just.

Dated: June 4, 2012.                                  Respectfully submitted,


By:  ___/s/ Reed R. Kathrein_____
            REED R. KATHREIN

Peter E. Borkon
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Ave., Suite 202
Berkeley, CA 94710
Telephone (510) 725-3000
Facsimile (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

Elizabeth A. Fegan
Daniel J. Kurowski
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1144 W. Lake Street, Suite 400
Oak Park, IL  60301
Telephone:  (708) 628-4949
Facsimile:   (708) 628-4950
beth@hbsslaw.com
dank@hbsslaw.com

Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Attorneys for Proposed Lead Plaintiffs John*
*Pedrow and Stephens Johnson*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2012, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

/s/ Reed R. Kathrein
REED R. KATHREIN

010309-11 524541 V1