**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| In re GROUPON, INC. SECURITIES LITIGATION | : : : : : : : | Master File No.: 12 CV 2450<br><br>CLASS ACTION |
| This Document Relates To<br>　ALL CASES | : : : : : : : | Hon. Charles R. Norgle |

**LEAD PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION REQUESTING THE COURT TO CONSIDER THEIR SUPPLEMENTAL RESPONSE TO SURREPLY**

Defendants file the instant motion asking this Court to consider, in addition to the over 100 pages of briefing they have already filed, a supplemental brief submitted on May 1, 2013 ("Supplemental Brief"). At the time they submitted their Supplemental Brief, Defendants did not move for leave to file, and did not notice presentment as required by Local Rules 5.3 and 5.4. Defendants have now placed their request for consideration before this Court.

No amount of briefing will salvage Defendants' motions to dismiss, because Plaintiff's claims are more than adequately alleged. Accordingly, Plaintiff does not oppose the consideration of Defendants' Supplemental Brief, but points out the following legal and factual errors contained therein:

　　Expert Allegations: Defendants do not cite a single case contesting that expert allegations regarding improper revenue recognition can plead a GAAP violation. *See Barrie v. Intervoice-Brite,* 397 F.3d 249, 257-58 (5th Cir. 2005). Instead, Defendants improperly ask this Court to assume limitations to the expert allegations that the experts themselves did not make.

1

*See* Defs' Response to Proposed Surreply at 1-2 (arguing that Dr. Sondhi's and Dr. Schilit's analyses should be assumed to pertain only to Q4 2011, and arguing that Professor Dye's analysis should be assumed not to pertain to Groupon at all). However, on a motion to dismiss, courts "must construe the complaint in the light most favorable to the plaintiff and must draw all reasonable inferences in his favor." *See, e.g., Senne v. Vill. of Palatine, Ill.,* 695 F.3d 597, 601 (7th Cir. 2012). Thus, the experts' expansive language and reasoning must be given effect.

Defendants' other line of attack, asserting that the Court should ignore expert allegations altogether, is equally misplaced. Defendants cite no authority casting any doubt on the propriety of expert allegations analyzing GAAP principles and application. Moreover, as explained in *In re MannKind Sec. Litig*, 835 F. Supp. 2d 797, 821 (C.D. Cal. 2011), Defendants' reading of *DeMarco v. Depotech* is simply wrong.[1]

*Ambac* Not Superseded: Defendants cannot cite to a single case (or even a citator service like Shepard's or WestCheck) stating that *Ambac Fin. Grp. Sec. Litig.,* 693 F. Supp. 2d 241 (S.D.N.Y. 2010) was superseded by *Fait v. Regions Fin. Corp.*, 655 F.3d 105 (2d Cir. 2011) as they falsely assert to this Court. Nor can Defendants dispute that numerous courts continue to cite *Ambac* as good law, even in the Second Circuit. The reason is clear: *Ambac* was not superseded, and courts do not subscribe to Defendants' sweeping misreading of *Fait*.

Miscitation of *Boeing*: Defendants do not dispute that they edited out of the quotation from *City of Livonia Emps' Ret. Sys. and Local 295/Local 851 v. Boeing Co.*, 711 F.3d 754, 759 (7th Cir. 2013) presented in their reply brief a portion of the opinion expressly inviting

---

[1] *Roth v. OfficeMax, Inc.*, 527 F. Supp. 2d 791 (N.D. Ill. 2007) merely cast doubt on expert allegations opining that an executive "should have been aware" of accounting transgressions. *Id.* at 801. It is inapposite here, where the experts limit their analysis to the GAAP rules and financial statements to which they had access rather than speculating on the state of mind of company executives.

comparison with *Makor Issues & Rights, Ltd. v. Tellabs Inc.*, 513 F.3d 702 (7th Cir. 2008) for cases like this in which sufficient details are provided with respect to confidential witness. The unedited quotation does not support Defendants' position.

<u>Factual Disputes Regarding Complaint Citations</u>: Defendants' attempt to counter the cited factual allegations raises factual disputes having no place in a motion to dismiss. All well-pleaded facts must be accepted as true and all reasonable inferences drawn in favor of plaintiff. *Senne,* 695 F.3d at 601.

Dated: May 7, 2013

**POMERANTZ GROSSMAN HUFFORD DAHLSTROM & GROSS LLP**

/s/ *Louis C. Ludwig*
Patrick V. Dahlstrom
Joshua B. Silverman
Louis C. Ludwig
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Phone: 312-377-1181
Fax: 312-377-1184
pdahlstrom@pomlaw.com
jbsilverman@pomlaw.com
lcludwig@pomlaw.com

**POMERANTZ GROSSMAN HUFFORD DAHLSTROM & GROSS LLP**
Marc I. Gross
Jeremy A. Lieberman
Matthew L. Tuccillo
600 3rd Avenue, 20th Floor
New York, New York 10016
Phone: 212-661-1100
Fax: 212-661-8665

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Dom J. Rizzi
30 North LaSalle Street, Suite 3200
Chicago, Illinois 60602

Phone: 734-769-2144
Fax: 734-769-1207

**BRONSTEIN GEWIRTZ & GROSSMAN LLC**
Peretz Bronstein
Edward N. Gewirtz
Neil D. Grossman
60 East 42nd Street, Suite 4600
New York, New York 10165
Phone: 212-697-6484
Fax: 212-697-7296

*Lead Counsel and Proposed Class Counsel*