

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re GROUPON, INC. SECURITIES LITIGATION, | ) | |
| | ) | Master File No. 12 CV 2450 |
| | ) | |
| | ) | |
| This Document Relates To:  ALL CASES. | ) | |
| | ) | Hon. Charles R. Norgle |

## ORDER

The Groupon Defendants' Motion to Dismiss Consolidated Amended Class Action Complaint [131] is denied.  The Underwriter Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint [134] is denied.

## STATEMENT

This is a securities fraud action, which arises from events surrounding Groupon, Inc.'s ("Groupon") initial public offering ("IPO") on November 4, 2011.  Before the Court are the Groupon Defendants and the Underwriter Defendants' (collectively, "Defendants") motions to dismiss Plaintiff's putative Consolidated Amended Class Action Complaint.  For the following reasons, the motions are denied.

Under Federal Rule of Civil Procedure 8, a complaint must contain a "short plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "simple, concise, and direct" allegations, id. at 8(d)(1). Rule 8 does not require "'detailed factual allegations,'" but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). This short and plain statement must provide the defendants with fair notice of the claim and the grounds for relief. Twombly, 550 U.S. at 555 (citation omitted). The allegations must provide "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In other words, a plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted). "[T]o survive a motion to dismiss in a complex case, a complaint must sufficiently plead allegations to allow a judgment that the claim has the possible merit that justifies the time and expense required in litigating the case." AnchorBank, FSB v. Hofer, 649 F.3d 610, 614 (7th Cir. 2011) (citing Stark Trading v. Falconbridge Ltd., 552 F.3d 568, 574 (7th Cir. 2009)). Additionally, under Rule 9(b), Plaintiffs have "to state with particularity the circumstances constituting fraud. This ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case. Id. at 615 (quoting Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co., 631 F.3d 436, 441-442 (7th Cir. 2011)).

First, both Defendants argue that Plaintiff's claims pursuant to § 11 of the Securities Act, 15 U.S.C. § 77k, should be dismissed because Plaintiff fails to allege any material

misrepresentations in the Registration Statement and Offering Documents. In addition, the Underwriter Defendants argue that Plaintiff's claims pursuant to § 12 of the Securities Act, 15 U.S.C. § 77l, should be dismissed for failure to allege a material misrepresentation in the Prospectus. The Underwriter Defendants also argue that Plaintiff lacks standing to assert a § 12 claim because Lead Plaintiff Michael Carter Cohn ("Lead Plaintiff") did not purchase shares directly from the IPO. To establish a claim under § 11 and § 12 of the Securities Act, "plaintiffs need only show that they purchased the security and that there was a material misrepresentation or omission. Scienter is not required. Liability of the issuer of a materially misleading registration statement is 'virtually absolute,' even for innocent misstatements." In re Ulta Salon, Cosmetics & Fragrance, Inc. Sec. Litig., 604 F. Supp. 2d 1188, 1192 (N.D. Ill. 2009) (quoting In re NationsMart Corp. Sec. Litig., 130 F.3d 309, 314-315 (8th Cir. 1997)). Further, the heightened pleading standard of Rule 9 does not apply to § 11 and § 12 Securities Act claims. Id. at 1193.

Plaintiff alleges that the 2011 financial statements contained in the Registration Statement and Prospectus contained materially inflated revenue in violation of Generally Accepted Accounting Principles ("GAAP") and that the Registration Statement and Prospectus contained materially false and/or misleading statements with respect to Groupon's revenue recognition and refund practices. The Court finds that these allegations present plausible violations of § 11 and § 12 of the Securities Act. At this early stage in the litigation and without the benefit of extensive discovery, Plaintiff need not plead the specific amounts by which he alleges Defendants inflated revenue. As to Plaintiff's standing pursuant to § 12, Lead Plaintiff admits that he did not purchase shares directly from the IPO, and therefore, he would not personally be entitled to relief under § 12(a)(2). However, Plaintiff argues that Lead Plaintiff is merely the current representative for a putative class—a class which contains plaintiffs who purchased shares directly from the IPO—and therefore the issue of standing can properly be resolved at the class certification stage, when another plaintiff with standing will be proffered. The Court agrees. See Friedman v. Rayovac Corp., 295 F. Supp. 2d 957, 976-977 (W.D. Wis. 2003) (reserving the question of § 12 standing for the class certification stage pursuant to Rule 23). Accordingly, the issue of Plaintiff's standing to bring a § 12 claim will be resolved, if necessary, at the class certification stage of the litigation.

Next, the Groupon Defendants argue that Plaintiff's claims pursuant to § 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), should be dismissed because the allegations in the complaint fail to give rise to a strong inference of scienter under the Private Securities Litigation Reform Act ("PSLRA"). Under § 10(b) it is unlawful for any person "[t]o use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 78j(b). "The elements of a section 10(b) Securities Exchange Act claim are: (1) a material misrepresentation or omission by the defendant in connection with the purchase or sale of securities; (2) scienter; (3) reliance; (4) economic loss; and (5) loss causation." AnchorBank, FSB, 649 F.3d at 617 (citations omitted). Section 10(b) claims are also subject to the pleading standards of the PSLRA, which requires that "securities fraud complaints must be able to: (1) specify each misleading statement; (2) set forth the facts on which a belief that a statement is misleading is formed; (3) state with particularity facts giving rise to a strong inference that the defendant acted with scienter; and (4) prove loss causation." Id. (citations omitted). Scienter requires "proof that [defendants] either knew the statement was false or [were] reckless in disregarding a substantial

risk that it was false." Makor Issues & Rights, Ltd. v. Tellabs, Inc., 513 F.3d 702, 704 (7th Cir. 2008) (citation omitted). "The inference that the defendant acted with scienter need not be irrefutable, *i.e.*, of the smoking-gun genre, or even the most plausible of competing inferences." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 324 (2007) (internal quotation marks and citations omitted). "Yet the inference of scienter must be more than merely 'reasonable' or 'permissible'—it must be cogent and compelling, thus strong in light of other explanations." Id.

Plaintiff alleges that the Groupon Defendants violated § 10(b) by, *inter alia*, reporting false financial results in their February 8, 2012 Press Release. In the February 8, 2012 Press Release, Groupon released its fourth quarter 2011 financial results and therefore, the total financial results for 2011. However, on March 30, 2012, Groupon issued a statement revising its fourth quarter 2011 results, and thereby its total 2011 results. The Groupon Defendants argue that "plaintiff's allegation that Groupon initially disclosed a reserve estimate for 2011 that it subsequently revised less than two months later suggests merely that Groupon made a mistake, which it promptly corrected, not that Groupon made the mistake intentionally." Mem. of Law in Supp. of the Groupon Defs.' Mot. to Dismiss Consol. Am. Class Action Compl. 3. Plaintiff contends that the statements made in the February 8, 2012 Press Release

> were false and misleading, *inter alia*, because they misrepresented Groupon's revenue and operating results, predicated their aggressive revenue recognition on an unreliable and unreasonable assumption of refund rates in violation of accounting standards they knew and understood to be authoritative, omitted that Groupon had material weakness in its process for assuming future refund rates and calculating financial results, and omitted that Groupon's financial reporting violated GAAP.

Consol. Am. Class Action Compl. ¶ 170. Plaintiff further alleges:

> [b]y virtue of their positions at Groupon, information and access to records . . . Defendants . . . either had actual knowledge of the materially false and misleading nature of the Class Period representations . . . or, in the alternative, acted with reckless disregard for the truth in that they ignored information readily available to them indicating the materially false and misleading nature of the statements made.

Id. ¶ 171. Based on the allegations contained in Plaintiff's seventy-four page complaint, the Court finds that Plaintiff sufficiently pleads scienter. Accordingly, the Groupon Defendants' motion to dismiss claims pursuant to § 10 is denied.

Lastly, the Groupon Defendants argue for dismissal of Plaintiff's claims pursuant to § 15 of the Securities Act, 15 U.S.C. § 77o, and § 20 of the Exchange Act, 15 U.S.C. § 78t(a). "Section 20(a) of the 1934 Act, 15 U.S.C. § 78t(a), and Section 15 of the 1933 Act, 15 U.S.C. § 77o, both set out 'control person' liability—providing a vehicle to hold one defendant vicariously liable for the securities violations committed by another." Donohoe v. Consol. Operating & Prod. Corp., 30 F.3d 907, 911 (7th Cir. 1994). The Seventh Circuit has established a two-prong test for determining control person liability. "First, the 'control person' needs to have *actually* exercised general control over the operations of the wrongdoer, and second, the control person must have had the power or ability—even if not exercised—to control the specific transaction or activity that is alleged to give rise to liability." Id. at 911-912. For purposes of notice pleading under Rule 8, Plaintiff's complaint sufficiently alleges that the individual Groupon Defendants, by virtue of their various positions and duties thereunder, exercised control over the allegedly false or misleading statements or omissions as alleged in Plaintiff's § 11 and

§ 10(b) claims. Accordingly, the motion to dismiss the claims pursuant to § 15 and § 20 is denied.

For the foregoing reasons, the Groupon Defendants and the Underwriter Defendants' motions to dismiss are denied.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: September 18, 2013

4