## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| In re GROUPON, INC. SECURITIES LITIGATION | : <br> : <br> : Master File No.: 12 CV 2450 <br> : <br> : <u>CLASS ACTION</u> <br> : |
| This Document Relates To <br> ALL CASES | : Hon. Charles R. Norgle <br> : <br> : <br> : <br> : <br> : |

## LEAD PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANTS' JOINT MOTION TO BIFURCATE DISCOVERY

Lead Plaintiff Michael Carter Cohn ("Plaintiff"), by his attorneys, opposes Defendants' Joint Motion to Bifurcate Discovery (Dkt. No. 164) as follows:

### INTRODUCTION

Defendants have already enjoyed an extraordinary delay of discovery under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Without regard to the strength of a complaint, the PSLRA enjoins plaintiffs from conducting discovery during the pendency of a motion to dismiss. *See* 15 U.S.C. § 77z-1(b)(1); 15 U.S.C. § 78u-4(b)(3)(B). Although this rule allows even a baseless motion to dismiss to grind proceedings to a halt, staying discovery until claims are sustained – but only until claims are sustained – "reflects the balance that Congress chose to strike between the rights of defendants and plaintiffs in securities actions." *See In re Initial Pub. Offering Sec. Litig.*, 236 F. Supp. 2d 286, 287 (S.D.N.Y. 2002). Here, Defendants have taken full advantage of this statutory balance, successfully enjoining discovery for nearly a

1

year with Rule 12(b)(6) motions, even though Plaintiff's Consolidated Amended Complaint ("Complaint") easily satisfied all pleading standards.[1]

As a result of this Court's September 18, 2013 Order denying Defendants' motions to dismiss, the PSLRA stay is lifted and this litigation is moving forward. The parties have conducted their Rule 26(f) conference. *See* Declaration of Louis C. Ludwig ("Ludwig Decl.") at ¶ 2. Plaintiff has served an initial set of six (6) targeted document requests upon Defendants Groupon, the response to which is due November 1, 2013. *See* Exhibit ("Ex.") 1 to Ludwig Decl. Plaintiff also served targeted initial discovery on Mason, Child and Del Preto, a document subpoena on Groupon's auditor, Ernst & Young LLP, and two focused interrogatories on Groupon. *See* Ludwig Decl., Exs. 2-9. Plaintiff's initial discovery goes to both the merits of Plaintiff's claims and the common issues alleged to predominate in the Complaint's class allegations. *See* Complaint, ¶¶ 130-36; Exs. 1 to 9 to Ludwig Decl.

No longer able to rely on the PSLRA stay to halt Plaintiff's discovery of damaging evidence, Defendants ask this Court to manufacture another roadblock. Specifically, Defendants propose that this Court abandon the default approach under Rule 26(d)(2) and sequence discovery in "phases," under which only purely class discovery would be allowed to proceed and all other discovery would be forbidden until class certification is briefed and decided. Defendants fail to demonstrate any good cause for the substantial delay they propose. To the contrary, as demonstrated below, Defendants' proposed delay would prolong this litigation,

---

[1] Plaintiff filed his Complaint on October 29, 2012 (Dkt. No. 125). Defendants filed their motions to dismiss on January 18, 2013 (Dkt. Nos. 131 and 134). However, because Defendants had previously indicated that they might move for dismissal of the Complaint (*see, e.g.,* stipulated scheduling order referenced in Dkt. No. 98), they enjoyed a stay of discovery even before the motions were filed. *See, e.g., Kelleher v. ADVO, Inc.*, No. 3:06 CV 01422 AVC, 2007 WL 1232177 (D. Conn. Apr. 24, 2007) (the "automatic stay provision of the Act is triggered by the mere indication by [the] defense of its intention to file a motion to dismiss.") (internal quotation omitted).

make it more expensive for all parties, force the parties to expend resources on unnecessary motion practice, and prejudice Plaintiff and the Class.

## ARGUMENT

### I.       Defendants Do Not Show Good Cause For Bifurcation

Although courts have broad discretion to order discovery, a party moving for bifurcation "has the burden of showing 'good cause' for such an order." *New England Carpenters Health & Welfare Fund v. Abbott Labs.*, No. 12 C 1662, 2013 WL 690613, at *3 (N.D. Ill. Feb. 20, 2013) (denying bifurcation). In order to establish good cause, "courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id.* (*quoting* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2035, at 157–58 (3d ed. 2010)). Such showings generally "identify…specific discovery requests" that absent bifurcation would "impose an undue burden or expense, taking into account the discovery needs for [the] case, the amount in discovery to the issues in the case" or other factors that demonstrate that "the burden of responding to any specific requests outweighs the likely benefit of the discovery." *Gibson v. Int'l Bus. Machines Corp.*, No. 1:10-CV-00330-LJM, 2011 WL 4402599, at *2 (S.D. Ind. Sept. 22, 2011) (denying bifurcation).

Bifurcation is not typically ordered in securities fraud class actions, in part because discovery is stayed altogether in such cases until a complaint is sustained. *See, e.g., In re Semgroup Energy Partners, L.P., Sec. Litig.*, No. 08-MD-1989-GKF-FHM, 2010 WL 5376262, at *3 (N.D. Okla. Dec. 21, 2010) (denying bifurcation and stating "this case has been pending for more than two years, and discovery has already been stayed for most of that period under the PSLRA. Bifurcation will almost certainly lead to further delay in the resolution of plaintiffs' claims."). None of the four outlier securities cases cited in Defendants' brief regarding

bifurcation contained any analysis of the issue.[2]   However, other non-securities cases have accepted bifurcation upon proof of three elements:

> (1) <u>expediency</u>, meaning whether bifurcated discovery will aid the court in making a timely determination on the class certification motion;

> (2) <u>economy</u>, meaning the potential impact a grant or denial of certification would have upon the pending litigation and whether the definition of the class would help determine the limits of discovery on the merits; and

> (3) <u>severability</u>, meaning whether class certification and merits issues are closely enmeshed.

*Reid v. Unilever U.S., Inc.*, No. 12 C 06058, 2013 WL 4050194, at \*31 (N.D. Ill. Aug. 7, 2013) (*quoting Harris v. comScore, Inc.*, No. 11 CV 5807, 2012 WL 686709, at \*3 (N.D. Ill. Mar. 2, 2012)).   As discussed below, each of these factors weighs against artificial reordering of discovery in this case.

**A.       Delaying Full Discovery Will Not Enable More Expedient Briefing Of Class Certification**

The timing of class certification briefing has already been agreed to by the parties and entered by the Court.   Regardless of whether this Court allows discovery to proceed in the normal course, or implements the artificial "phases" urged by Defendants, Plaintiff's amended class certification motion will be due December 6, 2013; Defendants' opposition will be due on

---

[2] *See* Defendants' Memorandum in support of motion to bifurcate ("Defs' Mem.") (Dkt. No. 167) at 5-6 (*citing In re Northfield Labs. Inc. Sec. Litig.*, 264 F.R.D. 407, 409 (N.D. Ill. 2009); *Smith v. Dominion Bridge Corp.*, No. 96-7580, 2007 WL 1101272, at \*1 (E.D. Pa. Apr. 11, 2007); *In re Sonus Networks, Inc. Sec. Litig.*, 229 F.R.D. 339, 341 (D. Mass. 2005); *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 02 C 5893, 2004 WL 2108410, at \*1 (N.D. Ill. Sept. 21, 2004)).

March 6, 2014; and Plaintiff's reply brief will be due on April 21, 2014.[3] *See* Dkt. No. 163. Accordingly, the instant motion will have no impact on "the parties' submission of their briefs" on class certification. *Compare Reid*, 2013 WL 4050194, at *32 (expressing concern that, "proceeding with merits discovery may delay the parties' submission of their briefs on the class certification issue"); *Harris,* 2012 WL 686709, at *3 (same). Because there is already a schedule in place ensuring the Court's ability to determine class certification at "an early practicable time," as contemplated by Federal Rule of Civil Procedure 23, Defendants' reordering of discovery cannot be justified on grounds of "expediency."

**B.      Delaying Full Discovery Would Make This Litigation More Expensive, Not Less Expensive**

Defendants' proposal also fails to reduce the costs of this litigation. All of the discovery Defendants seek to defer would be required whether this litigation proceeds on an individual or class basis. Thus, no cost savings would be realized. To the contrary, "bifurcation of discovery may well-increase litigation expenses by protracting the completion of discovery, coupled with endless disputes over what is 'merit' versus 'class' discovery." *In re Hamilton Bancorp., Inc. Sec. Litig.*, No. 01CV0156, 2002 WL 463314 (S.D. Fla. Jan. 14, 2002). The "continued need for supervision and the increased number of disputes would further delay the case proceedings. Such prevention of the 'expeditious resolution of the lawsuit' would prejudice plaintiffs." *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. 167, 174 (D.D.C. 2009).

Defendants ignore this added expense, and instead argue that *if* they defeat class certification, and *if* Plaintiff and all other defrauded Groupon investors decide to give up, merits

---

[3] Plaintiff initially proposed a briefing schedule under which class certification briefing would be completed by March 14, 2014, and agreed to discuss an even more expedited schedule if Defendants desired. At Defendants' request, the briefing schedule was extended to April 21, 2014, in order to provide Defendants an additional month. *See* email stream, attached as Ex. 10 to Ludwig Decl.

5

discovery might somehow be avoided. Defendants' assumptions are wholly unfounded. "[T]here is a strong public policy favoring class certification in securities fraud litigation." *Weiner v. Quaker Oats Co.*, No. 98 C 3123, 1999 WL 1011381, at *5 (N.D. Ill. Sept. 30, 1999); *see also Helfand v. Cenco, Inc.*, 80 F.R.D. 1, 5 (N.D. Ill. 1977) ("recognition must be given to a strong policy favoring class actions in securities fraud actions."). Defendants articulate no credible argument against certification, and it is unclear why they would even waste resources opposing certification under these circumstances. "It is established law in the Northern District of Illinois and the Seventh Circuit that class certifications are the preferred method of dealing with securities fraud cases." *Roth v. Aon Corp.*, 238 F.R.D. 603, 605 (N.D. Ill. 2006); *see also In re Bank One Sec. Litig./First Chicago S'holder Claims*, No. 00 CV 0767, 2002 WL 989454, at *2 (N.D. Ill. May 14, 2002) ("The Seventh Circuit ...has liberally construed Rule 23 in shareholder suits."). "In a securities fraud action, 'any error, if there is one, should be committed in favor of allowing a class action.'" *In re Gen. Instrument Corp. Sec. Litig.*, No. 96 C 1129, 1999 WL 1072507 (N.D. Ill. Nov. 18, 1999) (*quoting Eisenberg v. Gagnon,* 766 F.2d 770, 785 (3rd Cir. 1985)).

Regardless, this litigation will continue even if certification is denied. Plaintiff has personally incurred losses exceeding $250,000 (*see* Dkt. No. 78-4). His claims against Defendants have been sustained in their entirety (*see* Dkt. No. 158). Plaintiff has attested that he is dedicated to pursuing this action, preferably on behalf of the entire Class (*see* Dkt. No. 112-1, ¶ 5). However, in the unlikely event that a class is not certified, Plaintiff has sufficiently sizable claims to proceed on an individual basis.[4] Accordingly, all of the discovery Defendants now

---

[4] Defendants' citation to the Complaint in an attempt to support their economic argument is inaccurate. Defendants misread a Complaint paragraph indicating that the claims of *certain* Class Members are too small to proceed on a non-aggregated basis. *See* Defs' Mem at 1-2.

seek to delay will be necessary to the litigation going forward, whether on a class or individual

basis.

**C.      Defendants Propose No Basis For Severing Overlapping Class And Merits Discovery**

In their rush to short-circuit Plaintiff's discovery and prevent him from accessing

damaging information, Defendants fail to articulate any credible basis for distinguishing between

overlapping "class" and "merits" discovery.  As another court in this District recently explained,

> Courts increasingly find that class certification and merits issues overlap.
> For example, in 2011 the Supreme Court concluded that a class certification
> analysis "will entail some overlap with the merits of the plaintiff's
> underlying claim. That cannot be helped. The class determination generally
> involves considerations that are enmeshed in the factual and legal issues
> comprising the plaintiff's cause of action." *Wal–Mart Stores, Inc. v. Dukes,*
> —— U.S. ——, —— – ——, 131 S.Ct. 2541, 2551–52, 180 L.Ed.2d 374
> (2011) (citations and footnote omitted). Similarly, the Seventh Circuit has
> acknowledged that to determine whether all the class certification elements
> have been met, a court must frequently make a preliminary inquiry into the
> merits. *See, e.g., Messner v. Northshore Univ. HealthSystem,* 669 F.3d 802,
> 811 (7th Cir.2012).

*Abbott Labs,* 2013 WL 690613, at * 3.

Defendants in this case have not stipulated to commonality, predominance or typicality.

Therefore, these class issues remain disputed and Plaintiff has every right to seek discovery

related to these issues in support of his motion for class certification.  *See Semgroup*, 2010 WL

5376262, at *3 (stating in securities fraud class action containing similar alleged common issues

that "discovery related to class certification is so closely intertwined with merits discovery that

---

(referencing Complaint at ¶ 135).  Claims of investors like Plaintiff with sizable losses will
proceed either on a class-wide basis or individually.  Class Members with smaller losses do not
have that luxury, and will be prohibited by the costs of litigation from proceeding individually.
This fact supports class treatment.  *See, e.g, Bank One*, 2002 WL 989454, at *8 ("Class members
will benefit from class treatment because litigation costs are high and it is, therefore, unlikely
that shareholders will prosecute individual claims.") (internal citations omitted).  However, it
does not in any way indicate that large claims like Plaintiff's will be abandoned in the absence of
certification.

bifurcation would be unworkable. An order restricting discovery to class issues would be impracticable because of the closely linked issues, and inefficient because it would be certain to require ongoing supervision of discovery."); *see also Abbott Labs, supra*.

Plaintiff's initial discovery requests relate to the common issues alleged in his class allegations as well as the merits of his individual claims. For example, Requests for Production ("RFP") 1 through 3 of Plaintiff's First RFPs to Groupon seek documents related to the factual underpinnings of Groupon's refund accounting and revenue recognition, the falsification of which are the primary <u>common</u> misrepresentations made in the Registration Statement and <u>common</u> bases for the class Securities Act claims. *Compare* Ex. 1 to Ludwig Decl. *with* Complaint class allegation, ¶ 134. RFPs 4 through 6 to Groupon seek documents related to Groupon's knowledge of refund problems, addressing the <u>common</u> proof of scienter as to Groupon and its executives. *Id.* Other discovery served to date similarly overlaps class issues of commonality, typicality and predominance, as well as the merits of individual claims. Accordingly, Defendants' attempts to mislabel this discovery as "pertain[ing] only to the merits" is simply wrong. *See* Defs' Mem. at 4.

Even the cases cited by Defendants do not support the false dichotomy they ask this Court to adopt. For example, *Reid* involved a class action on behalf of purchasers of specific hair care products who allegedly suffered hair loss after application. The *Reid* court expressly held that where "documents…are relevant to both class certification and merits issues, Unilever must disclose such documents, despite the overlap." 2013 WL 4050194, at *33. Consistent with this holding, the *Reid* court did not enjoin discovery requests seeking substantive information about the hair care products in question and defendants' misrepresentations. *Compare id.* (only finding requests 21-25 involving wholly different hair care products and time periods to be

overbroad at class discovery phase) *with* RFPs 1-20 of actual *Reid* discovery requests (not deferred until merits phase even though they broadly sought information relating to the products in question and defendants' misrepresentations), attached as Ex. 11 to Ludwig Decl.

*Harris v. comScore,* another case cited repeatedly by Defendants, also permitted broad discovery into areas touching both merits and class issues. *Harris* involved allegations that the corporate defendant inserted unauthorized computer programs in users' computers. The court, though ordering bifurcation, permitted extensive discovery during the class phase into the types of programs used (including all relevant source code), the corporate defendants' policies, and the usage and sale of the data gathered by the unauthorized programs. *Harris*, 2012 WL 686709, at *5. Likewise, in *Plummer v. Chicago Journeyman Plumbers' Local Union No. 130, U. A.*, 77 F.R.D. 399, 403 (N.D. Ill. 1977), the court held that the overwhelming majority of discovery in question involved overlapping class and merits issues, and therefore had to be produced despite bifurcation: "[t]he mere fact that some of the interrogatories may be relevant to the merits of the case does not mean they should remain unanswered, so long as they relate to the class issues or are reasonably calculated to lead to the discovery of information relevant to the class issues." *Id; see also* 1 McLaughlin on Class Actions § 3:10 (9th ed.) ("Even if a stay of merits discovery is granted, the frequent overlap between merits and class certification inquiries may make its enforcement fraught with difficult line-drawing disputes.").

## II. Defendants' Proposal Would Significantly Delay The Parties' Ability To Ready This Case For Trial

Although Defendants contend that their proposal to delay merits discovery was not brought "for any purposes of delay," *see* Defs' Mem. at 9, that is exactly the effect it would have. Defendants do not and cannot dispute that bifurcation would delay the parties' ability to complete discovery, brief dispositive motions, and prepare for trial. In fact, Defendants have

already agreed that bifurcation would so profoundly alter those dates that the parties' Rule 26(f) joint report proposing a schedule for those dates should be postponed until after the Court ruled on the pending motion. *See* Stipulation And [Proposed] Order Regarding Submission Of The Parties' Joint Report Pursuant To Federal Rule Of Civil Procedure 26(f), ¶ 5, attached as Ex. 12 to Ludwig Decl.

Federal Rule of Civil Procedure 1 mandates that the Rules be applied to ensure the "just, speedy, and inexpensive determination of every action." Here, if all parties participate fully in discovery without artificial delays, Plaintiff believes that discovery can be completed by late Fall, 2014 and this case can be ready for trial by January 2015. On the other hand, if merits discovery is halted until April or May, 2014, then the entire schedule will need to be pushed back, and the "just, speedy and inexpensive" determination contemplated by the Federal Rules will not be achieved. *See* Federal Rule of Civil Procedure 1.

## CONCLUSION

For all of these reasons, Defendants' motion to bifurcate should be denied.

Dated:   October 17, 2013

**POMERANTZ GROSSMAN HUFFORD DAHLSTROM & GROSS LLP**

/s/ *Joshua B. Silverman*

Patrick V. Dahlstrom
Joshua B. Silverman
Louis C. Ludwig
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Phone: 312-377-1181
Fax: 312-377-1184
pdahlstrom@pomlaw.com
jbsilverman@pomlaw.com
lcludwig@pomlaw.com

10

**POMERANTZ GROSSMAN HUFFORD DAHLSTROM & GROSS LLP**
Marc I. Gross
Jeremy A. Lieberman
Matthew L. Tuccillo
600 3rd Avenue, 20th Floor
New York, New York 10016
Phone: 212-661-1100
Fax: 212-661-8665

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Dom J. Rizzi
30 North LaSalle Street, Suite 3200
Chicago, Illinois 60602
Phone: 734-769-2144
Fax: 734-769-1207

**BRONSTEIN GEWIRTZ & GROSSMAN LLC**
Peretz Bronstein
Edward N. Gewirtz
Neil D. Grossman
60 East 42nd Street, Suite 4600
New York, New York 10165
Phone: 212-697-6484
Fax: 212-697-7296

*Lead Counsel and Proposed Class Counsel*