**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re GROUPON, INC. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) | Master File No. 12 C 2450 |
| | | <u>CLASS ACTION</u> |
| This Document Relates To: | | |
| ALL ACTIONS. | | |
| | | Hon. Charles R. Norgle |

**REPLY IN SUPPORT OF DEFENDANTS'**
**<u>JOINT MOTION TO BIFURCATE DISCOVERY</u>**

As demonstrated in Defendants' opening memorandum, federal district courts presiding over putative class actions such as this one "often bifurcate discovery between [class] certification issues and those related to the merits of the allegations." Manual for Complex Litig. § 21.14 (4th ed.); *see also* numerous cases cited in opening memorandum ("Mem.") at 5-6. This common sense approach allows the parties and the Court to focus on the important threshold issue before the Court—whether the action may be certified as a class action under Rule 23— before the parties and the Court expend enormous time, effort, and money litigating claims that may not be appropriate for class treatment. Focusing initially on class certification discovery is particularly important in light of the Supreme Court's recent pronouncements that class certification should be denied unless the Court is satisfied, after a "rigorous analysis," that the prerequisites of Rule 23 have been satisfied. *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011)).

In this case, there is a clear benefit to focusing discovery *at this stage of the litigation* on the facts needed for the Court to conduct the "rigorous analysis" that the Supreme Court holds

Rule 23 requires, and which Rule 23 mandates be conducted early in the litigation.  *See* FRCP

23(c)(1)(A) ("At an early practicable time after a person sues or is sued as a class representative,

the court must determine by order whether to certify the action as a class action.").  Bifurcating

class and merits discovery would advance all three objectives of bifurcation:

- Bifurcation would expedite determination of whether this case may proceed as a class
  action.  Since Defendants filed this motion, Plaintiff has bombarded them with dozens
  of interrogatories and document requests aimed solely at the potential "merits" of his
  claims.  Forcing Defendants to answer these demands now—before the class's
  existence and scope are known or defined—will unnecessarily interfere with the
  expedited class certification briefing schedule to which Defendants agreed based on
  the expectation that the parties would focus on class discovery first.  (*See* pp. 3-4,
  *infra*.)

- Bifurcation would be economical, because this case is unlikely to proceed absent
  class certification.  If class certification were denied and the case ended, it would save
  Defendants the substantial costs of litigating this complex case and preserve scarce
  judicial resources that would otherwise be squandered resolving merits discovery
  disputes and dealing with other issues.  Plaintiff's newly minted contention that he
  would nevertheless pursue this case in view of his losses (which he asserts exceed
  $250,000) is neither credible nor consistent with his allegation that the expense and
  burden of this litigation make it "impossible" for Class members such as himself to
  bring their cases on an individual basis.  Even a loss of the magnitude claimed by
  Plaintiff would be dwarfed by the expense involved in litigating a complex action
  alleging securities fraud such as this one.  (*See* pp. 4-7, *infra*.)

- The class and merits issues are readily severable.  Plaintiff contends that his discovery
  demands implicate class issues because they concern alleged common issues among
  class members.  But the Court will not be called on to decide the merits of those
  allegedly common questions in deciding class certification, merely the issue of
  whether those questions are indeed common.  (*See* pp. 7-8, *infra*.)

Unable to show that these relevant factors militate against bifurcation, Plaintiff instead

focuses on his frustration over the Congressionally-mandated discovery stay, previously in effect

in this case, required by the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Opp.

at 1-3.  Although Plaintiff insinuates that Defendants manipulated the stay in order to delay the

timing of summary judgment and trial in this case, *see* Opp. at 1-2 (arguing that Defendants took

"full advantage" of the stay), the PSLRA's discovery stay is *mandatory*, not optional, and was

intended by Congress as a "check against abusive litigation by private parties." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007).  Further, Plaintiff's entire argument concerning the PSLRA's discovery stay is a red herring, as courts throughout the nation have routinely phased class and merits discovery in securities class actions that had previously been subject to the mandatory PSLRA discovery stay.  *See* Mem. at 5-6 (citing cases); Manual for Complex Litig. § 21.14 (4th ed.).  Moreover, Plaintiff fails to cite any case in this district in which a court considered the effect of phased discovery on the timing of summary judgment and trial.

Despite Plaintiff's protests to the contrary, Defendants' motion is not intended to, and will not, delay this case or prejudice Plaintiff in any way.  Defendants are fully prepared to engage in discovery on the issue at hand—namely, class certification—and have already served discovery requests on Plaintiff focusing on that issue.  Far from creating unnecessary delay, concentrating discovery on class certification at this stage will promote judicial efficiency, avoid wasting the parties' and the Court's resources on discovery that may never be necessary, and is likely to lead to a quicker, less expensive resolution of this case.

## Argument

As Defendants demonstrated in their opening memorandum, courts in this district employ a three-factor test in determining whether to bifurcate class and merits discovery, and all three factors favor bifurcation in this instance.

## I.    Bifurcation Would Be Expedient.

Consistent with Rule 23's requirement that the issue of class certification be determined "[a]t an early practicable time," the "expediency" factor focuses on whether bifurcation "will aid the court in making a timely determination on the class certification motion."  *Harris v. comScore, Inc.*, 2012 WL 686709, at *3 (N.D. Ill. Mar. 2, 2012).  In his Opposition, Plaintiff

incorrectly argues that because the parties have already stipulated to a briefing schedule on his

motion for class certification, bifurcating discovery will not be expedient. But Defendants

agreed to the briefing schedule on the class certification issue with the expectation that the Court

would follow the normal course of instructing the parties to focus first on class certification

discovery. Just as the Court in *Reid* was concerned that "proceeding with merits discovery may

delay the parties' submission of their briefs on the class certification issue," Defendants share the

same concern here. *See Reid v. Unilever U.S., Inc.*, 2013 WL 4050194, at *31-32 (N.D. Ill. Aug.

7, 2013). If the parties are required to proceed with highly burdensome merits discovery at the

same time they are litigating class discovery, it is likely that, despite the parties' best efforts, a

"delay [in] the parties' submission of their briefs on the class certification issue" may be

unavoidable. *Id*.[1]

## II.    Bifurcation Would Be Economical.

As Defendants pointed out in their opening memorandum, bifurcating discovery would

be the most economical way to proceed, particularly if class certification is ultimately denied.

*See* Mem. at 7-8. Common sense shows that conducting limited discovery on a potentially

dispositive threshold issue would be significantly less expensive and more expedient than the

broad, wholesale discovery Plaintiff seeks. Accordingly, it would be far more economical to

stay merits discovery until that threshold determination has been made.

As a practical matter, a denial of class certification usually ends a putative class action

because either the amount at issue is so small that it is not worth a single plaintiff's effort to

---

[1] Just hours after an agreement on the class certification briefing schedule was reached on October 2, 2013, Plaintiff served his first set of document requests on Groupon. On October 7, Plaintiff served additional document requests on three of the individual defendants. On October 10, Plaintiff served a subpoena on Ernst & Young, Groupon's auditor. On October 16, Plaintiff served interrogatories on Groupon and three of the individual defendants. As discussed below, none of Plaintiff's discovery requests to date have had any bearing on class certification issues. *See* pp. 7-8, *infra*.

pursue the case or the individual claim can easily be settled for far less than the costs of litigation. *See Thomas v. UBS AG*, 706 F.3d 846, 849 (7th Cir. 2013) (Posner, J.) (noting that, typically, "if certification is denied the suit is likely to be abandoned, as the stakes of the named plaintiffs usually are too small to justify the expense of suit"). This case is no exception: Plaintiff himself has pleaded that this litigation will effectively end if class certification is denied. CAC ¶ 135. Thus, it would be much more efficient and economical for the Court and parties to address class certification issues now and engage in burdensome and expensive merits discovery only if and when the Court certifies a class.

In his Opposition, Plaintiff attempts to repudiate his own allegations by contending that his CAC alleges that the claims of only "*certain*" Class Members are too small to proceed on an individual basis. Opp. at 6 (emphasis in original). But that is not what his CAC says: Plaintiff alleged that "the expense and burden of individual litigation make it *impossible* for *Class members* to individually redress the wrongs done to them." CAC ¶ 135 (emphasis added). By its own terms, this allegation addressed all "Class members," and was in no way limited to "certain" of them.

Plaintiff's belated contention that he would proceed in this case even if class certification is denied also defies common sense. Whereas Plaintiff contends that he has damages exceeding $250,000, it will cost considerably more than that for the parties to litigate this complicated securities action to a conclusion. Given this economic reality and Plaintiff's own allegation that "the expense and burden of individual litigation make it impossible" to proceed on an individual basis, there is little reason to believe that this case will proceed if class certification is denied.

As Defendants also demonstrated in their opening memorandum, it is possible that the Court may certify a more limited class than the one sought by Plaintiff. *See* Mem. at 8. In that

circumstance, bifurcating discovery would still be the most economical way to proceed because the parties would be better positioned to tailor their discovery efforts to the class that is ultimately certified. *See Bertrand v. Maram*, 495 F.3d 452, 455 (7th Cir. 2007) ("The larger the class, the more the litigants may invest in discovery and briefing to ensure that the case is decided correctly. Until everyone knows who will, and who will not, be bound by the outcome, it is difficult to make informed decisions about how the case should proceed."). Plaintiff's Opposition fails even to address—much less refute—this point.

Instead of responding to the arguments Defendants made in their memorandum, Plaintiff cites outdated and long since superseded case law to argue incorrectly that class certification is all but assured here because there is a "strong public policy" favoring class certification. Opp. at 6 (citing *Weiner v. Quaker Oats Co.*, 1999 WL 1011381, at *5 (N.D. Ill. Sept. 30, 1999); *Helfand v. Cenco, Inc.*, 80 F.R.D. 1, 5 (N.D. Ill. 1977)). But those permissive edicts have long since been superseded by the Supreme Court's more recent pronouncements that class certification "is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011)).

Although Plaintiff asserts that "Defendants articulate no credible argument against certification," Opp. at 6, he need look no further than his own admission that he may lack standing to bring his Section 12(a)(2) claim to see that serious class certification issues are present. *See* September 18, 2013 Order (Doc. # 158) at 2. Further, it is Plaintiff who "bear[s] the burden of showing that a proposed class satisfies each requirement of Rule 23 by a preponderance of the evidence." *Swan ex rel. I.O. v. Bd. of Educ. of the City of Chi.*, 2013 WL 4047734, at *4 (N.D. Ill. Aug. 9, 2013). Defendants should not be required to debate the

remainder of their class certification arguments at this stage of the litigation, especially since Plaintiff has yet to produce any discovery in response to Defendants' class-based discovery requests.[2]

## III.    Discovery Is Severable.

Plaintiff argues incorrectly that bifurcation is inappropriate because there is "some overlap" between class certification issues and the merits of Plaintiff's underlying claim.  Opp. at 7 (quoting *Welfare Fund v. Abbott Labs.*, 2013 WL 690613, at *3 (N.D. Ill. Feb. 20, 2013)).  But Plaintiff fails to identify any such overlap in this case that would make bifurcation impracticable. *See Reid v. Unilever U.S., Inc*., 2013 WL 4050194, at *32 (N.D. Ill. Aug. 7, 2013) (granting defendant's motion to bifurcate discovery and noting that "[w]hile the Court recognizes that the class certification and merits issues may overlap in some respects, this alone is not enough to overcome the efficiency benefits to be gained from bifurcated discovery").

Further, Plaintiff has not demonstrated that any of his discovery requests are reasonably calculated to lead to the discovery of evidence admissible for purposes of class certification.  He does not contend that any of his discovery requests are relevant to whether he can satisfy the Rule 23(a) factors of numerosity, typicality, or adequacy, much less predominance or any of the other factors identified in Rule 23(b).  This leaves only Rule 23(a)'s "commonality" factor.  But Plaintiff misses the mark in contending that his discovery requests address issues "common" to all of the putative class members because they probe the "factual underpinnings" of his claim

---

[2] Plaintiff cites no court within the Seventh Circuit (much less this district) holding that bifurcated discovery is uneconomical in class actions.  Nor do the two out-of-circuit cases that he cites so hold.  *See* Opp. at 5 (citing *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. 167 (D.D.C. 2009); *In re Hamilton Bancorp., Inc. Sec. Litig.*, 2002 WL 463314, at *1 (S.D. Fla. Jan. 14, 2002)).  In both cases, the courts allowed merits discovery only to the extent that it overlapped with class discovery.  *See Rail Freight*, 258 F.R.D. at 176 (rejecting the idea that "untrammeled and unlimited discovery is appropriate before the issue of class certification is addressed"); *Hamilton Bancorp.*, 2002 WL 463314, at *1 (permitting merits discovery only where the merits were "inextricably intertwined" with requirements that were "essential" to class certification).

that there was a problem with Groupon's "refund accounting and revenue recognition" policies. Opp. at 8. Plaintiff need not prove the merits of the allegations he alleges are "common" to all class members to satisfy Rule 23(a)'s commonality requirement. All Rule 23's commonality factor requires is that Plaintiff demonstrate the existence of common "questions of law or fact," not common answers.

In this case, nearly all of Plaintiff's discovery requests are directed only to the merits of Plaintiff's claim that Groupon implemented improper refund accounting and revenue recognition. For example, Plaintiff's interrogatories purportedly require the individual defendants to describe all "meetings" pertaining to Groupon's refund metrics and refund accounting. *See* Opp. Ex. 7, at ¶ 1; Opp. Ex. 8, at ¶ 1; Opp. Ex. 9, at ¶ 1. Neither these nor any of Plaintiff's other requests go to the issue of whether there are common issues of law and fact among the purported class.

To date, Plaintiff has failed to propound even a *single* request that relates to both class and merits discovery. And if some future requests encompassed both merits and class issues, Defendants understand that materials responsive to the class certification issues would be producible at the class certification stage. Accordingly, the abstract possibility that some discovery requests might span both class and merits issues is no reason to deny Defendants' motion for bifurcation.

## IV. Bifurcation Would Not Delay the Parties' Ability to Ready This Case For Trial.

Plaintiff erroneously argues that bifurcation would delay discovery's completion, summary judgment, and trial. Opp. at 9-10. But this is not a factor that courts in this district typically consider when deciding whether to bifurcate discovery in a class action, and Plaintiff points to no authority to the contrary. Instead, the expediency factor focuses on whether bifurcation "will aid the court in making a timely determination *on the class certification*

Case: 1:12-cv-02450 Document #: 174 Filed: 10/24/13 Page 9 of 11 PageID #:2619

*motion*." *Harris*, 2012 WL 686709, at *3 (emphasis added). As set forth above and in Defendants' opening memorandum, the expediency factor clearly favors bifurcation in this case.

Even assuming that expediency to trial were a judicially-recognized factor (it is not), it would not militate against bifurcated discovery in this case. Plaintiff contends that absent bifurcated discovery "this case can be ready for trial by January 2015," but that with bifurcated discovery "the entire schedule will need to be pushed back." Opp. at 10. But not only does Plaintiff fail to assert how much extra time he believes would be required as a result of bifurcated discovery, he fails to provide a basis to conclude that any extra time would be required at all. To the contrary, even assuming that Plaintiff's proposed class is certified in full, the parties will still be doing the same amount of work as they would have done without bifurcation, with the only difference being that discovery will have been compartmentalized into class certification discovery and merits discovery. But if, as is more likely, class certification is denied, either in whole or in part, it is indisputable that bifurcated discovery will save the parties and the Court significant time and expense. In sum, allowing bifurcated discovery to proceed will enable the parties to address class certification expeditiously, whereas allowing burdensome merits discovery to proceed simultaneously with class discovery will engender distraction and delay.

## V.     The PSLRA's Automatic Stay Is Irrelevant.

Last, Plaintiff's complaints about the statutorily-mandated stay of discovery in this case under the PSLRA are misplaced. *See* Opp. at 1-3. Plaintiff erroneously argues that "[b]ifurcation is not typically ordered in securities fraud class actions, in part because discovery is stayed altogether in such cases until a complaint is sustained." Opp. at 3. But as Defendants demonstrated in their opening memorandum, courts in multiple federal securities class action

cases here and elsewhere have bifurcated discovery after the PSLRA's mandatory stay dissolved. *See* Mem. at 5-6 (citing cases). Instead of distinguishing those cases, Plaintiff dismisses them as "outliers" without citing any authority to support such a characterization. But the true outlier is the sole case Plaintiff cites to argue that bifurcation is disfavored in securities fraud class actions—a lone case from the Northern District of Oklahoma. *See* Opp. at 3 (citing *In re SemGroup Energy Partners, L.P., Sec. Litig.*, 2010 WL 5376262, at *3 (N.D. Okla. Dec. 21, 2010)). And even in that case, the court adopted "a case management schedule which prioritize[d] class certification." *Id.* at *2.

Plaintiff cites only two other cases in the same general discussion, both of which fail to support his assertion that bifurcation is inappropriate in securities actions such as this one. *See* Opp. at 3 (citing *New England Carpenters Health & Welfare Fund v. Abbott Labs.*, 2013 WL 690613 (N.D. Ill. Feb. 20, 2013) ("*Abbott Laboratories*"); *Gibson v. Int'l Bus. Machines Corp.*, 2011 WL 4402599 (S.D. Ind. Sept. 22, 2011) ("*Gibson*"). *Abbott Laboratories* is not a securities case, and in any event the court there ultimately endorsed an approach in which the parties were permitted to conduct only "*controlled* discovery into the 'merits,' *limited to those aspects relevant to making the certification decision on an informed basis*." 2013 WL 690613, at *4 (emphasis added). *Gibson* is neither a securities case nor a class action. *See* 2011 WL 4402599, at *2 ("This case is about one Medicaid beneficiary."). Further, it did not even involve a motion to bifurcate discovery, as Plaintiff claims. *See* Opp. at 3 (describing *Gibson* as "denying bifurcation"). Instead, the issue in that case was a "general stay of discovery," not "bifurcation." 2011 WL 4402599, at *1. In sum, Plaintiff fails to cite any authority supporting that bifurcated discovery would not be appropriate in this case.

## Conclusion

WHEREFORE, for the reasons set forth above and in Defendants' opening

memorandum, Defendants' motion to bifurcate discovery should be granted.

Dated: October 24, 2013                           Respectfully submitted,

Groupon, Inc., Jason Child, Joseph M. Del Preto,     Morgan Stanley & Co. LLC, Goldman,
Kevin Efrusy, Eric P. Lefkofsky, Theodore J.         Sachs & Co., and Credit Suisse Securities
Leonis, Andrew D. Mason, and Howard Schultz          (USA) LLC

By:  /s/ Howard S. Suskin                            By:  /s/ Kevin B. Duff (with consent)
         One of Their Attorneys                               One of Their Attorneys

Anton R. Valukas (Illinois Bar #2883678)             Kevin B. Duff
Elizabeth A. Coleman (Illinois Bar #6236597)         Michael Rachlis
Howard S. Suskin (Illinois Bar #6185999)             RACHLIS DUFF ADLER & PEEL, LLC
Marc D. Sokol (Illinois Bar #6276263)                542 South Dearborn Street, Suite 900
JENNER & BLOCK LLP                                   Chicago, IL 60605
353 N. Clark Street                                  (312) 733-3950
Chicago, IL 60654-3456
Phone: (312) 222-9350                                Jonathan Rosenberg
Facsimile: (312) 527-0484                            William J. Sushon
                                                     Allen Burton
*Attorneys for the Groupon Defendants*               Edward Moss
                                                     O'MELVENY & MYERS LLP
                                                     7 Times Square
                                                     New York, NY 10036
                                                     (212) 326-2000

                                                     *Attorneys for the Underwriter Defendants*