# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| In re GROUPON, INC. SECURITIES LITIGATION | : | Master File No.: 12 CV 2450 |
|  | : | |
|  | : | CLASS ACTION |
|  | : | |
|  | : | Hon. Charles R. Norgle |
| This Document Relates To<br>    ALL CASES | : | |

## STIPULATION AND AGREED CONFIDENTIALITY ORDER

The parties to this Stipulation and Agreed Confidentiality Order ("Stipulation and Order"), through their undersigned counsel, have agreed to the terms of this Stipulation and Order; accordingly, it is ORDERED:

1.      <u>Scope.</u>   This Stipulation and Order shall govern the disclosure and use of all documents and information provided in the course of all proceedings in the above-captioned action (the "Action"), including but not limited to initial disclosures, responses to interrogatories and requests for production, and deposition testimony and exhibits, and, to the extent they disclose information derived therefrom (but only to such extent), excerpts, quotations, summaries, abstracts, indices, and attorney work-product (collectively, "Discovery Materials"). This Stipulation and Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure ("FRCP") on matters of procedure and calculation of time periods. Except as specifically provided elsewhere in this Stipulation and Order, Discovery Materials shall not be used for any purpose whatsoever other than for the prosecution or defense of this Action, including any appeal(s) thereof.

-1-

2.    Parties.  A party, person, or entity that produces or discloses Discovery Materials in connection with this Action shall be referred to herein as the "Disclosing Party."  A party, person, or entity that receives Discovery Materials in connection with this Action shall be referred to herein as the "Receiving Party."

3.    Confidential Information.  As used in this Stipulation and Order, "Confidential Information" means Discovery Materials designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or words to that effect by the Disclosing Party that the Disclosing Party reasonably and in good faith believes fall within one or more of the following categories:  (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) confidential research and information of a technical, developmental, commercial, or financial nature (including but not limited to customer information) subject to a protective order under FRCP 26(c)(1)(G) or otherwise containing information that is non-public and sensitive from a commercial or financial perspective; (d) medical information concerning any individual; (e) sensitive, non-public personal or customer information concerning individuals or entities, including but not limited to Social Security numbers, home telephone numbers and addresses, tax returns (including attached schedules and forms), W-2 forms, 1099 forms, and medical, credit and/or banking information; and/or (f) personnel or employment records of a person who is not a party to the case.  Information or documents that are available to the public may not be designated as Confidential Information.

4.    Highly Confidential Information.  As used in this Stipulation and Order, "Highly Confidential Information" means Discovery Materials designated as "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or words to that effect by the Disclosing Party that otherwise qualify as Confidential Information and that the Disclosing Party

reasonably and in good faith believes that the disclosure of which to persons to whom Confidential Information may be disclosed will or may cause significant competitive injury to the Disclosing Party, thus requiring this additional, exceptional level of protection. "Highly Confidential Information" is limited to particularly sensitive Confidential Information that contains trade secrets, competitively sensitive sales, financial and marketing information, future business plans, proprietary technical information and specifications, and any other information which would likely cause significant competitive harm to the Disclosing Party if disclosed.

     5.    <u>Designation.</u>

     a.    A party may designate Discovery Material as Confidential or Highly Confidential Information for protection under this Stipulation and Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or words to that effect on each page of the Discovery Material and on all copies in a manner that will not interfere with the legibility of the document. Electronically stored information ("ESI") designated as Confidential or Highly Confidential shall be so designated by including such notice in the body of the electronic document or by affixing a stamp with such notice on the medium (including but not limited to tapes, CDs, DVDs, and flash drives) on which the electronic data is stored before copies are delivered to a Receiving Party. Print-outs of any such electronic information designated as Confidential or Highly Confidential shall be treated in accordance with the terms of this Stipulation and Order. As used in this Stipulation and Order, "Copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential or Highly Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or words to

that effect shall be applied prior to or at the time the Discovery Materials are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or words to that effect to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Stipulation and Order. Any copies that are made of any Discovery Material marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or words to that effect shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked Discovery Materials and do not otherwise disclose the substance of the Confidential or Highly Confidential Information are not required to be marked. Documents that have been marked Confidential or Highly Confidential and produced in this Action prior to the entry of this Stipulation and Order shall be treated as if designated hereunder.

b.     The designation of Discovery Materials as Confidential or Highly Confidential Information is a certification by an attorney or a party appearing pro se that he or she believes in good faith that the Discovery Materials contain Confidential or Highly Confidential Information as defined in this Stipulation and Order.[1]

c.     The designation of any Discovery Material as Confidential or Highly Confidential is not intended to be and shall not be construed as an admission that the Discovery

---

[1] An attorney who reviews the Discovery Materials and designates them as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or words to that effect must be admitted to the Bar of at least one United States jurisdiction but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party. By designating Discovery Materials as Confidential or Highly Confidential pursuant to this Stipulation and Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

Material is relevant, not subject to an applicable privilege, immunity, or other protection, or reasonably calculated to lead to the discovery of admissible evidence.

6.     Privilege.  This Stipulation and Order is without prejudice to any Disclosing Party's right to assert that any Discovery Material is subject to any applicable claim of privilege, immunity, or other protection, including but not limited to the attorney-client privilege and attorney work product immunity, and is without prejudice to any other party's right to contest such a claim of privilege or protection.

7.     Inadvertent Production.  Nothing in this Stipulation or Order shall be construed to waive any right to claim that Discovery Material has been inadvertently produced, or to waive any procedures or protections that may be available under FRCP 26(b)(5)(B) or Federal Rule of Evidence 502(b) with respect to such materials.

8.     Depositions.  Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the earlier of (i) the fourteenth day after the transcript is delivered to any party or the witness, or (ii) forty-five (45) days after the testimony was given.  Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential or Highly Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Stipulation and Order.  The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential or Highly Confidential Information, unless otherwise ordered by the Court.  All copies of deposition transcripts that contain material designated as Confidential or Highly Confidential Information shall be prominently marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or words to that effect on the cover thereof.

     9.    <u>Protection of Confidential and Highly Confidential Information.</u>

         a.    <u>General Protections.</u>  Except as specifically provided elsewhere in this Stipulation and Order, Confidential and Highly Confidential Information shall not be disclosed to any person not qualified to receive such information under subparagraph (b) below, and shall not be used or disclosed (including, without limitation, by quotation or attachment to a pleading or other document) in any other action or proceeding or for any purpose whatsoever other than for the prosecution or defense of this Action, including any appeal(s) thereof.

         b.    <u>Limited Disclosures.</u>  A Receiving Party shall not disclose, quote, summarize, or otherwise make available any Discovery Materials designated as Confidential Information to any person or entity other than Qualified Persons as defined below in subparagraphs (i)-(xii).  A Receiving Party shall not directly or indirectly disclose, summarize, or otherwise make available any Discovery Materials designated as Highly Confidential Information to any person or entity other than Qualified Persons as defined below in subparagraphs (i) and (iii)-(xii).  The term "Qualified Person" as used herein shall mean:

       i.    <u>Counsel.</u>  In-house and outside counsel for the parties who have responsibility for the Action and their legal, clerical, or support staff, including temporary or contract staff;

       ii.    <u>Parties.</u>  The named parties and/or Court-appointed class representatives in this Action, including officers, directors, and employees of a party but only to the extent counsel determines in good faith that the assistance of such officer(s), director(s), or employee(s) is reasonably necessary to the conduct of the litigation in which the information is disclosed;

       iii.    <u>Courts, Court Personnel, and Jurors.</u>  The Court and its personnel, any appellate court in this Action, and jurors;

-6-

iv. <u>Court Reporters and Recorders.</u> Court reporters and recorders engaged for depositions or other proceedings in this Action;

v. <u>Contractors.</u> Those persons specifically engaged for the limited purpose of making copies of Discovery Materials, or organizing or processing Discovery Materials (including outside vendors hired to process electronically stored Discovery Materials, computer personnel performing duties in relation to a computerized litigation system, and graphic production services), or investigators employed by the parties or their counsel to assist in this Action, provided that such contractors are advised of the contents of this Stipulation and Order prior to disclosure;

vi. <u>Consultants and Experts.</u> Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this Action, provided that such persons complete the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, and provided that counsel, in good faith, requires their assistance in connection with this Action, and further provided that any report created by such expert or consultant relying on or incorporating Confidential or Highly Confidential Information in whole or in part shall be designated as "Confidential" or "Highly Confidential" by the party responsible for its creation;

vii. <u>Witnesses at Depositions and Pre-Trial Proceedings and Prospective Witnesses.</u> Witnesses at a deposition or any other pre-trial proceeding, or in preparation for a noticed deposition or other pre-trial proceeding subject to the following conditions: (1) if a Receiving Party seeks to disclose to a witness Confidential or Highly Confidential Information received from a Disclosing Party, the Receiving Party shall provide notice of at least fourteen (14) calendar days to the Disclosing Party of its intent to do so and, if known, a sufficient description of the witness to allow the Disclosing Party to ascertain his or her occupation and professional background; (2) the Disclosing Party may contact the Receiving Party seeking to disclose Confidential or Highly Confidential Information or the witness to request that the witness execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; (3) if the Disclosing Party objects to the disclosure, it shall meet and confer with the Receiving Party seeking to disclose Confidential or Highly Confidential Information of its objection at least seven (7) calendar days before the noticed date of the deposition or the date of the pre-trial proceeding, and if the parties are unable to resolve their differences, the Disclosing Party shall promptly seek a protective order consistent with FRCP 26(c) and Local Rule 37.2; (4) the Receiving

Party seeking to disclose Confidential or Highly Confidential Information to a witness shall not do so before the expiration of the Disclosing Party's deadline to object; and (5) if the Disclosing Party objects and the parties cannot resolve their dispute regarding the disclosure of Confidential or Highly Confidential Information to a witness, the Receiving Party seeking to disclose Confidential or Highly Confidential Information to a witness shall postpone the deposition, or in the case of a pre-trial proceeding not oppose postponement of the same, until such time as the parties resolve their dispute or the Court has the opportunity to consider the Disclosing Party's motion for a protective order;

viii. <u>Author or Recipient.</u> The author or recipient of the Discovery Material (not including a person who received the Discovery Material in the course of litigation);

ix. <u>Mediator or Arbitrator.</u> Any mediator or arbitrator engaged by the named parties to this Action; and

x. <u>Others by Consent.</u> Other persons only by written consent of the Disclosing Party or upon order of the Court and on such conditions as may be agreed or ordered.

c. <u>Staff.</u> The terms "counsel," "expert," and "investigator" include their staff who are assigned to and reasonably necessary to assist such counsel, expert, or investigator in the preparation of this litigation.

d. <u>Disclosures to Lead Plaintiff and Proposed Class Members.</u> Confidential Information may be disclosed only to lead plaintiff (and such other person(s) or entit(ies), if any, appointed by the Court as additional class representative(s)) and not to any other member of the putative class, unless (i) a class including the member has been certified in this Action by the Court, and (ii) the procedures outlined in this paragraph are followed. Any such disclosure of Confidential Information shall be made in accordance with this Stipulation and Order. Highly Confidential Information may not be disclosed to lead plaintiff or any other member of the putative class. If the lead plaintiff ceases to be the lead plaintiff for any reason, all Confidential Information in that person's possession marked "CONFIDENTIAL - SUBJECT TO

PROTECTIVE ORDER" or words to that effect under this Stipulation and Order, including copies as herein defined and summaries and excerpts containing Confidential Information, shall: (a) be transferred to another Court-appointed lead plaintiff or class representative, if one has been appointed; or (b) if another lead plaintiff or class representative has not been appointed, at lead plaintiff's option either be returned to counsel for the Disclosing Party or destroyed, with lead plaintiff certifying such destruction. In the event that the Court certifies a class in this Action and lead plaintiff wishes to disclose Confidential Information to another class member other than an additional class representative, lead plaintiff must notify the Disclosing Party in writing and explain why the assistance of such class member is reasonably necessary to the conduct of this Action. Within seven (7) calendar days of the receipt of such notification, counsel for the Disclosing Party and lead plaintiff shall meet-and-confer in an effort to resolve whether Confidential Information may be disclosed to such class member. If, for whatever reason, the parties are unable to reach an agreement during their meet-and-confer, lead plaintiff may apply to the Court for a ruling regarding whether Confidential Information may be disclosed to such class member. Confidential Information may not be disclosed to any such class member absent (i) the express written consent of the Disclosing Party, or (ii) a Court order allowing such disclosure.

      e.    <u>Control of Discovery Materials.</u>  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential and Highly Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Stipulation and Order for a period of three years after the termination of the case.

10.    Inadvertent Failure to Designate.  An inadvertent failure to designate Discovery

Material as Confidential or Highly Confidential Information does not, standing alone, waive or

forfeit the right to so designate the Discovery Material.  If a party designates Discovery Material

as Confidential or Highly Confidential Information after it was initially produced, the Receiving

Party, on notification of the designation, must make a reasonable effort to assure that the

Discovery Material is treated in accordance with the provisions of this Stipulation and Order.  To

the extent such information may have been disclosed to anyone not authorized to receive

Confidential or Highly Confidential Information, the Receiving Party shall make reasonable

efforts to retrieve the information promptly and to avoid any further disclosure.  No party shall

be found to have violated this Stipulation and Order for failing to maintain the confidentiality of

material during a time when that material has not been designated Confidential or Highly

Confidential Information, even where the failure to so designate was inadvertent and where the

material is subsequently designated Confidential or Highly Confidential Information.

11.    Filing of Confidential or Highly Confidential Information.  This Order does not,

by itself, authorize the filing of any document under seal. Any party wishing to file a document

designated as Confidential Information or Highly Confidential Information in connection with a

motion, brief or other submission to the Court must comply with Local Rule 26.2, except that

unless indicated by the Court, the parties are excused from the requirement to file a simultaneous

public-record version of a brief, motion or other submission provisionally filed under seal.

12.    No Greater Protection of Specific Discovery Materials.  Except for Privileged

Material and other material subject to privileges, immunities, or other protections not addressed

by this Stipulation and Order, no party may withhold information from discovery on the ground

-10-

that it requires protection greater than that afforded by this Stipulation and Order unless the party moves for an order providing such special protection.

13. <u>Challenges by a Party to Designation of Confidential or Highly Confidential Information.</u> The designation of any Discovery Material as Confidential or Highly Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

a. <u>Meet and Confer.</u> No party shall be obligated to challenge the propriety of a designation of Discovery Material as Confidential or Highly Confidential when initially received, and a failure to do so shall not preclude a subsequent challenge thereto. A party challenging the designation of Confidential or Highly Confidential Information must do so in good faith and must begin the process by notifying the Disclosing Party of the challenge in writing. Within seven (7) calendar days of the receipt of such notification, counsel for the Disclosing Party and the challenging party shall meet-and-confer in an effort to resolve any disagreement regarding the Disclosing Party's designation of Discovery Material as Confidential or Highly Confidential. In conferring with the Disclosing Party, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the Disclosing Party an opportunity to review the designated material and to reconsider the designation. Within three (3) business days after a conference challenging a designation of Discovery Material as Confidential or Highly Confidential, the Disclosing Party must either withdraw its designation or explain why it believes the designated Discovery Material qualifies for the specified designation.

b. <u>Judicial Intervention.</u> If, for whatever reason, the parties are unable to resolve their disagreement, the Receiving Party may apply for a ruling on the Disclosing Party's

designation of the Discovery Material as Confidential or Highly Confidential. The Receiving Party shall file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion shall comply with Local Rule 37.2. The burden of persuasion in any such challenge proceeding shall be on the Disclosing Party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential or Highly Confidential Information under the terms of this Stipulation and Order.

14. _Action by the Court._ Applications to the Court for an order relating to Discovery Materials designated Confidential or Highly Confidential Information shall be by motion. Nothing in this Stipulation and Order or any action or agreement of a party under this Stipulation and Order shall prevent any party from applying to the Court for further or additional protective orders, or limit the Court's power to make orders concerning the disclosure of Discovery Materials produced in discovery or at trial.

15. _Use of Documents, Testimony, or Information at Trial or Hearing._ If a party intends to present or anticipates that another party may present Confidential or Highly Confidential Information at a pre-trial hearing, the parties shall meet-and-confer and present the Court with a proposed stipulation governing the use of such Confidential or Highly Confidential Information that will supersede this Stipulation and Order as to the use of Confidential or Highly Confidential Information at pre-trial hearings, or if they are unable to reach agreement, shall request a conference with the Court regarding such use. It is intended that the parties and the Court will separately address the use of Confidential or Highly Confidential Information at trial in the Final Pre-Trial Order for this matter and, if so, the Final Pre-Trial Order will supersede this Stipulation and Order as to the use of Confidential or Highly Confidential Information at trial.

16.    Confidential or Highly Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

a.    If a Receiving Party is served with a subpoena, order, or request issued in other litigation or proceeding by any court or administrative or legislative body, or by any other person or entity purporting to have authority to require the production of any Discovery Material designated in this Action as Confidential or Highly Confidential Information that would compel disclosure of such Confidential or Highly Confidential Information, the Receiving Party must, to the extent allowed by law, so notify the Disclosing Party, in writing, promptly, and in no event more than three (3) court days after receiving the subpoena, order, or request. Such notification must include a copy of the subpoena, order, or request.

b.    The Receiving Party also must promptly inform in writing the party who caused the subpoena, order, or request to issue in the other litigation or proceeding that some or all of the material covered by the subpoena, order, or request is the subject of this Stipulation and Order. In addition, the Receiving Party must deliver a copy of this Stipulation and Order promptly to the party in the other action that caused the subpoena, order, or request to issue.

c.    The purpose of imposing these duties is to alert the interested persons to the existence of this Stipulation and Order and to afford the Disclosing Party in this Action an opportunity to try to protect its Confidential or Highly Confidential Information in the court or administrative or legislative body from which the subpoena, order, or request issued, before the person to whom the subpoena, order, or request is directed takes any action to comply with that subpoena, order, or request. The Disclosing Party shall bear the burden and the expense of seeking protection in that court or administrative or legislative body of its Confidential or Highly Confidential Information, and nothing in these provisions should be construed as authorizing or

encouraging a Receiving Party in this Action to disobey a lawful directive from another court or administrative or legislative body. In no event shall such Confidential or Highly Confidential Information be produced by a person receiving a subpoena, order, or request without providing the Disclosing Party an opportunity to quash or object, absent a court order to do so. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential or Highly Confidential Information by the other party to this case.

17. <u>Challenges by Members of the Public to Sealing Orders.</u> A party or interested member of the public has a right to challenge the sealing of particular Discovery Materials that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

18. <u>Obligations on Conclusion of Litigation.</u>

a. <u>Order Continues in Force.</u> Unless otherwise agreed or ordered, this Stipulation and Order shall remain in force and binding upon the parties hereto and upon all persons to whom Confidential or Highly Confidential Information has been disclosed or communicated after dismissal or entry of final judgment not subject to further appeal.

b. <u>Obligations at Conclusion of Litigation.</u> Within sixty-three (63) days after entry of final judgment not subject to further appeal, and subject to commercially reasonable efforts, all Confidential or Highly Confidential Information marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or words to that effect under this Stipulation and Order, including but not limited to copies as herein defined and all excerpts, quotations, summaries, abstracts, indices, and attorney work-product containing Confidential or Highly Confidential Information, shall at

each person's own option either be returned to counsel for the Disclosing Party or destroyed, with the Receiving Party certifying such destruction, unless the Confidential or Highly Confidential Information has been offered into evidence or filed without restriction as to disclosure. The Receiving Party shall not be required to locate, isolate, and return emails (including attachments to emails) that may include Confidential or Highly Confidential Information, or Confidential or Highly Confidential Information contained in deposition transcripts or draft or final expert reports. Nothing in this paragraph requires any party, its counsel, or their respective consultants, vendors or other affiliates, to delete or destroy data which may reside on one or more backup tapes or other media maintained for purposes of disaster recovery, business continuity or other reasons, or requires more than reasonable and practical actions to locate, identify, or destroy any other electronic data.

        c.     <u>Retention of Work Product, Deposition and Trial Transcripts, Draft and Final Expert Reports, and One Set of Filed Documents.</u> Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential or Highly Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential or Highly Confidential Information; (2) deposition and trial transcripts and draft or final expert reports; and (3) one complete set of all documents filed with the Court, including those filed under seal. Any retained Confidential or Highly Confidential Information shall continue to be protected under this Stipulation and Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential or Highly Confidential Information.

        d.     <u>Deletion of Discovery Materials Filed under Seal from Electronic Case Filing ("ECF") System.</u> During the pendency of this Action, filings under seal shall be deleted

from the ECF system only upon order of the Court. After entry of final judgment not subject to further appeal, filings under seal shall be deleted from the ECF system in accordance with Local Rule 26.2(h).

19. <u>Loss or Compromise of Confidential or Highly Confidential Information.</u> Each party shall have the responsibility, through counsel, to promptly advise the Disclosing Party of any losses of or compromises to the Confidential or Highly Confidential Information governed by this Stipulation and Order. It shall be the responsibility of the party that lost or compromised the Confidential or Highly Confidential Information of the Disclosing Party to take reasonable measures to limit the loss or unauthorized disclosure.

20. <u>Disclosing Party's Use of Own Documents.</u> Nothing in this Stipulation and Order shall be construed to limit any Disclosing Party's use or disclosure of its own documents, materials, or information that have been designated as Confidential or Highly Confidential pursuant to this Stipulation and Order.

21. <u>Use of Other Information.</u> In addition, nothing in this Stipulation and Order shall prevent or in any way limit disclosure, use, or dissemination of any documents, information, or material that:

     a.  was, is, or becomes public knowledge, not in breach of this Stipulation and Order; or

     b.  is acquired by a party from a non-party having the right to disclose such information or material or is learned by a party as a result of that party's own lawful independent efforts, investigation, or inquiry.

22. <u>Additional Appropriate Uses of Discovery Materials.</u> Notwithstanding any other provisions of this Stipulation and Order to the contrary, Discovery Materials may be used and disclosed in the manners set forth immediately below in this paragraph.

a. A Disclosing Party may at its option choose to share any Discovery Materials produced by that Disclosing Party, whether or not such Discovery Materials have been designated as Confidential or Highly Confidential, with (a) parties in other litigation and/or (b) any regulatory or government agency or other body requesting such information for purposes of any investigation or inquiry. Disclosure of Confidential or Highly Confidential Information as provided for in this subparagraph shall not be deemed a waiver or forfeiture of the Confidential or Highly Confidential status of such information, provided that (a) the recipients provide an undertaking in the form of Exhibit A hereto, or (b) in the case of a regulatory or government agency, the Disclosing Party requests that the regulatory or government agency keep confidential the Confidential or Highly Confidential Discovery Materials and the regulatory or government agency has not rejected the request or otherwise publicly disclosed the Confidential or Highly Confidential Discovery Materials.

b. In the event that class certification in this Action is denied, the law firms representing the lead plaintiff herein may use Discovery Materials in connection with any individual actions asserting the same or similar claims as alleged in this Action by lead plaintiff, provided that, for each such individual action, the court has entered a confidentiality order substantially equivalent to this Stipulation and Order.

23. <u>Non-Parties.</u> A non-party from whom discovery is sought by the parties to this Action may designate Discovery Materials as Confidential or Highly Confidential consistent with the terms of this Stipulation and Order, provided that such non-party completes the

-17-

certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, and delivers it to the requesting party who, in turn, will serve it upon counsel for the other parties. Under such circumstances, Discovery Materials designated as Confidential or Highly Confidential by a non-party are assigned the same protection as Discovery Materials so designated by a Disclosing Party, and all duties applicable to a Disclosing Party under this Stipulation and Order shall apply to a non-party designating Discovery Materials as Confidential or Highly Confidential. All obligations applicable to parties receiving such Confidential or Highly Confidential Information shall apply to any party receiving Confidential or Highly Confidential Information from such non-party.

24. <u>New Parties.</u> In the event that additional persons became parties to this Action, such parties shall be bound by the terms of this Stipulation and Order.

25. <u>Order Subject to Modification.</u> This Stipulation and Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

26. <u>No Prior Judicial Determination.</u> This Stipulation and Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Discovery Material designated Confidential or Highly Confidential Information by counsel or the parties is entitled to protection under FRCP 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

27. <u>Persons Bound.</u> This Stipulation and Order may be executed in counterparts. The Stipulation and Order shall take effect when entered by the Court and shall be binding upon all

counsel of record and their law firms, the parties, and persons made subject to this Stipulation and Order by its terms.

28.   Notices.  All notices contemplated to be made in writing by this Stipulation and Order may be satisfied by email, provided that such email is sent to at least the following counsel:

    a.   for Lead Plaintiff, Joshua B. Silverman (jbsilverman@pomlaw.com); Patrick V. Dahlstrom (pdahlstrom@pomlaw.com); and Louis C. Ludwig (lcludwig@pomlaw.com);

    b.   for the Groupon Defendants, Elizabeth A. Coleman (ecoleman@jenner.com); Howard S. Suskin (hsuskin@jenner.com); and Marc D. Sokol (msokol@jenner.com); and

    c.   for Underwriter Defendants, Kevin B. Duff (kduff@rdaplaw.net); Michael Rachlis (mrachlis@rdaplaw.net); Edward N. Moss (emoss@omm.com); Jonathan Rosenberg (jrosenberg@omm.com); William Sushon (wsushon@omm.com); and Shiva Eftekhari (seftekhari@omm.com).

STIPULATED AND AGREED this 14th day of January 2014:


/s/*Joshua B. Silverman*
Patrick V. Dahlstrom
Joshua B. Silverman
Louis C. Ludwig
**Pomerantz LLP**
10 South LaSalle Street, Ste. 3505
Chicago, Illinois 60603
Tel: (312) 377-1181

*Attorneys for Lead Plaintiff and
the Putative Class*

/s/*Howard S. Suskin*
Anton R. Valukas (Illinois Bar #2883678)
Elizabeth A. Coleman (Illinois Bar #6236597)
Howard S. Suskin (Illinois Bar #6185999)
Marc D. Sokol (Illinois Bar #6276263)
**Jenner & Block LLP**
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350

*Attorneys for Defendants Groupon, Inc.,
Andrew D. Mason, Jason E. Child, Joseph M.
Del Preto, Eric P. Lefkofsky, Theodore J.
Leonsis, Kevin J. Efrusy, and Howard Schultz*


/s/ *Kevin B. Duff*
Kevin B. Duff
Michael Rachlis
**Rachlis Duff Adler & Peel, LLC**
542 South Dearborn Street
Suite 900
Chic ago, IL 60605
Tel: (312) 733-3390

Jonathan Rosenberg
William J. Sushon
Allen W. Burton
Edward N. Moss
**O'Melveny & Myers LLP**
Times Square Tower
7 Times Square
New York, NY 10036
Tel: (212) 728-5693

*Attorneys for Defendants Morgan Stanley &
Co. LLC, Goldman, Sachs & Co., and Credit
Suisse Securities (USA) LLC*

SO ORDERED this 16 day of _____January_____, 2014

_____

Hon. Charles R. Norgle
United States District Judge

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| In re GROUPON, INC. SECURITIES LITIGATION | : | Master File No.: 12 CV 2450 |
|  | : |  |
|  | : | CLASS ACTION |
|  | : |  |
|  | : |  |
| This Document Relates To | : | Hon. Charles R. Norgle |
| ALL CASES | : |  |
|  | : |  |
|  | : |  |
|  | : |  |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**
**BY STIPULATION AND AGREED CONFIDENTIALITY ORDER**

The undersigned hereby acknowledges that he/she has read the Stipulation and Agreed

Confidentiality Order ("Stipulation and Order") dated _____ in the above-

captioned action and attached hereto, understands the terms thereof, and agrees to be bound by

its terms. The undersigned submits to the jurisdiction of the United States District Court for the

Northern District of Illinois in matters relating to the Stipulation and Order and understands that

the terms of the Stipulation and Order obligate him/her to use materials designated as

Confidential or Highly Confidential Information in accordance with the Stipulation and Order,

and not to disclose any such Confidential or Highly Confidential Information to any other

person, firm, or concern.

-1-

The undersigned acknowledges that violation of the Stipulation and Order may result in penalties for contempt of court.


Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____


Date: _____        _____
                                     Signature