**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **In re GROUPON, INC. SECURITIES LITIGATION** | **Master File No. 12 C 2450** |
| **This Document Relates To:** ALL ACTIONS. | **Magistrate Judge Mary M. Rowland** |

## ORDER

Defendants' Joint Motion to Bifurcate Discovery [164] is DENIED.

## BACKGROUND

This is a securities fraud action, which arises from events surrounding Groupon's initial public offering (IPO) on November 4, 2011. Groupon is an internet-based marketing company that offers daily deals to consumers for discounts on goods and services offered by merchants. In his Consolidated Amended Complaint (CAC), Lead Plaintiff Michael Carter Cohn (Plaintiff) alleges that two sets of statements made by Groupon were materially misleading. First, he asserts claims under Sections 11, 12, and 15 of the Securities Act based on Groupon's financial results for the first three quarters of 2011, as reported in its IPO registration statement. Second, Plaintiff asserts claims under Sections 10(b) and 20(a) of the Exchange Act based on Groupon's reported financial results from the fourth quarter of 2011, as well as certain oral statements allegedly made by some of the individual defendants in February and March 2012. Plaintiff seeks to represent: (a) all persons or entities

who purchased or acquired the common stock of Groupon pursuant and/or traceable to the IPO between November 4, 2011 through and including March 30, 2012 (the Securities Act Class Period); and (b) a subclass consisting of all persons who purchased or otherwise acquired the common stock of Groupon between February 9, 2012 through and including March 30, 2012 (the Exchange Act Class Period). (Dkt. 187).

On September 19, 2013, the Court denied Defendants' motions to dismiss. (Dkt. 158). On December 4, 2013, Plaintiff filed an amended motion for class certification. (Dkt. 187). Defendants' responses are due March 6, 2014, and Plaintiff's reply is due April 21, 2014. (Dkt. 161, 163).

On October 9, 2013, Defendants filed the instant motion to bifurcate discovery, requesting that discovery be limited to class certification issues pending resolution of the class certification motion. (Dkt. 164, 167). Plaintiff filed his response on October 17, 2013, and Defendants filed their reply on October 24, 2013. (Dkt. 172, 174). On February 3, 2014, the District Judge referred the Motion to the undersigned Magistrate Judge, along with other pretrial matters. (Dkt. 203).

## DISCUSSION

District courts have broad discretion to control discovery. *Crawford-El v. Britton*, 523 U.S. 574, 598–99 (1998); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002); *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *1 (N.D. Ill. Oct. 28, 2008). In accordance with the Federal Rules, a court may, "for good cause," limit the scope of discovery or control its sequence to

"protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see Crawford-El*, 523 U.S. at 598; *Tamburo v. Dworkin*, No. 04 C 3317, 2010 WL 4867346, at *1 (N.D. Ill. Nov. 17, 2010). In order to establish good cause, "courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2035, at 157–58 (3d ed. 2010).

When ruling on motions to bifurcate class certification and merits discovery, courts consider the following factors:

> (1) expediency, meaning whether bifurcated discovery will aid the court in making a timely determination on the class certification motion; (2) economy, meaning the potential impact a grant or denial of certification would have upon the pending litigation and whether the definition of the class would help determine the limits of discovery on the merits; and (3) severability, meaning whether class certification and merits issues are closely enmeshed.

*Harris v. comScore, Inc.*, No. 11 CV 5807, 2012 WL 686709, at *3 (N.D. Ill. Mar. 2, 2012) (citations omitted); *accord Reid v. Unilever U.S., Inc.*, No. 12 C 06058, 2013 WL 4050194, at *31 (N.D. Ill. Aug. 7, 2013). The Manual for Complex Litigation cautions that "[d]iscovery relevant only to the merits delays the certification decision and may ultimately be unnecessary." *Manual for Complex Litigation, Fourth*, § 21.14.

**1. Expediency**

Defendants contend that expediency favors bifurcation. (Mot. 6–7). They argue that bifurcation will aid the Court in making a timely determination of the class

certification issue. (*Id.* 6). But Plaintiff has already filed his class certification motion, and the briefing schedule has been agreed to by the parties and entered by the Court. (Dkt. 161, 163, 187). In their Reply, Defendants argue for the first time that "[i]f the parties are required to proceed with highly burdensome merits discovery at the same time they are litigating class discovery, it is likely that, despite the parties' best efforts, a delay in the parties' submission of their briefs on the class certification issue may be unavoidable." (Reply 4).

The Court is not persuaded. First, Defendants do not describe with particularity the burden of the merits discovery being sought by Plaintiff that will forestall briefing on the class certification issue. Nor do they explain how defense counsel—a national law firm with over 450 attorneys—would be unable to respond to the class certification motion, given three months to do so, while also engaging in merits discovery. Second, it appears that Defendants have objected to producing any discovery that they deemed merits discovery since filing this motion, essentially staying merits discovery. (Dkt. 196 at ¶¶ 3, 5 & Ex. 1). Finally, Defendants will file their response in less than two weeks and will no longer face the burden of briefing the class certification issue.

Defendants' cases are unpersuasive because the parties in this case have agreed to an early briefing schedule that will allow for an expeditious ruling on the class certification issue. *See Reid*, 2013 WL 4050194, at *32 (granting bifurcation in a case alleging damage from a hair care product where issues of numerosity, commonality, and typicality required extensive discovery prior to discovery on the mer-

its and, therefore, "proceeding with merits discovery may delay the parties' submission of their briefs on the class certification issue"); *Christian v. Generation Mortgage Co.*, No. 12 C 5336, 2013 WL 2151681, at *4 (N.D. Ill. May 16, 2013) (granting bifurcation and limiting discovery to whether defendant's broker-agents exercised pricing discretion in a common manner where plaintiffs sought discovery of more than 20,000 loan files of more than four to six million pages of data on the merits); *Harris*, 2012 WL 686709, at *3 (granting bifurcation largely because proceeding with merits discovery "which may well involve the review of millions of documents not directly relevant to the issues of class certification, may delay the parties' submission of supplemental briefing on the class certification issue"); *Am. Nurses' Ass'n v. State of Illinois*, No. 84 C 4451, 1986 WL 10382, at *3 (N.D. Ill. Sept. 12, 1986) (finding, without factual analysis, that bifurcation "will expedite the decision on class certification"); *Plummer v. Chicago Journeyman Plumbers' Local Union No. 130, U.A.*, 77 F.R.D. 399, 402 (N.D. Ill. 1977) (finding, without factual analysis, that bifurcation is warranted because "class determination should be made as early as practicable").[1] The Court is convinced that the class certification issue will be resolved expeditiously without the need to bifurcate discovery.

---

[1] The securities cases cited by the Defendants are wholly unpersuasive since they have no discussion about why discovery was bifurcated. *See In re Northfield Labs. Inc. Sec. Litig.*, 264 F.R.D. 407 (N.D. Ill. 2009) (ruling on motion to compel); *Smith v. Dominion Bridge Corp.,* No. 96-7580, 2007 WL 1101272 (E.D. Penn. Apr. 11, 2007) (approving class action settlement); *In re: Sonus Networks, Inc,* 229 F.R.D. 339 (D. Mass. 2005) (finding class representative who was convicted of selling crack cocaine unsuitable class representative and decertifying class); *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 02 C 5893, 2004 WL 2108410 (N.D. Ill. Sept. 21, 2004) (denying motion to compel plaintiff to provide a detailed calculation of damages sought).

Moreover, under the Private Securities Litigation Reform Act (PSLRA), Plaintiff was precluded from conducting discovery prior to the Court's September 2013 Order denying the motions to dismiss.[2] Since that time, Defendants have objected to the production of any merits discovery. By the time the class certification motion is fully briefed, over two years will have passed since the case was filed. *See In re Semgroup Energy Partners, L.P.,* No. 08-MD-1989, 2010 WL 5376262 , at *1 (N.D. Okla. Dec. 21, 2010) (denying bifurcation in part because "this lawsuit has been pending more than two years, during which time, plaintiffs have been almost completely precluded from conducting discovery"); *see also In re Plastics Additives Antitrust Litig.,* No. 03 C 2038, 2004 WL 2743591, at *3 (E.D. Pa. Nov. 29, 2004) (denying a motion to bifurcate discovery when the matter had already been on the docket for 18 months). Defendants assert that this fact is irrelevant. The Court acknowledges that this factor is not dispositive. However, securities litigation is unique in this regard and the Court, in its discretion, is free to consider this fact when weighing the expediency (or lack thereof) of bifurcation.

**2. Economy**

Defendants also contend that bifurcation would be more economical because denial of class certification would effectively end this litigation. (Mot. 7–8). They argue that "waiting until a class has been certified before allowing full-blown merits discovery will avoid wasting the Court's and the parties' resources on burdensome and

---

[2] Pursuant to the PSLRA, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B).

expensive discovery that may prove unnecessary." (*Id.* 7). Plaintiff relies on cases noting a "strong policy favoring class actions in securities fraud actions." *Helfand v. Cenco, Inc.*, 80 F.R.D. 1, 5 (N.D. Ill. 1977); *see Weiner v. Quaker Oats Co.*, 1999 WL 1011381, at *5 (N.D. Ill. Sept. 30, 1999) (same); *Roth v. Aon Corp.*, 238 F.R.D. 603, 605 (N.D. Ill. 2006) ("It is established law in the Northern District of Illinois and the Seventh Circuit that class certifications are the preferred method of dealing with securities fraud cases."). Defendants, relying on *Comcast Corp. v. Behrend,* 133 S.Ct. 1426 (2013), respond that Plaintiff's case law is dated and "long since superseded" by the Supreme Court's recent authority requiring rigorous analysis under Rule 23(a). (Reply 6). There is no doubt the rigors of Rule 23 have increased in recent years, but that does not reverse the law in this Circuit that class certification is the preferred method of addressing securities fraud cases. Notably, *Behrend* was an antitrust case, not a securities fraud case. Moreover, in terms of bifurcation, the lesson of *Behrend* is more detrimental to the Defendants' argument than helpful:

> Repeatedly, we have emphasized that it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question, and that certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied. Such an analysis will frequently entail overlap with the merits of the plaintiff's underlying claim. That is so because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.

133 S.Ct. at 1432 (citations omitted).

Plaintiff also responds that the case will proceed to the merits even if the class certification motion is denied. (Resp. 6; *see* Dkt. 78 Ex. C (Plaintiff personally incurred losses exceeding $250,000)). In several of the cases cited by Defendants, the

courts found that the cases likely would *not* proceed to the merits if class certification were denied. *See Harris*, 2012 WL 686709, at *4 (finding that "the limited statutory damages available to Plaintiffs [in a consumer fraud case] are likely an insufficient motivation to litigate in the absence of class certification"); *Christian*, 2013 WL 2151681, at *4 (where plaintiff's counsel conceded that without the same sort of statistical data rejected in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), he would be unable to establish commonality, court observed that the prospects for certification may be "dim" and granted bifurcation because "it would be utterly inefficient and unjust to subject a defendant to months, if not years, of onerous and expensive discovery so that the plaintiffs may continue a quixotic undertaking destined to fail").

Finally, although neither party addresses this issues, several courts have noted that bifurcation can actually increase the costs of litigation because of disputes over what constitutes merits and what constitutes class discovery. *See In re Hamilton Bancorp, Inc. Sec. Litig.*, No. 01 C 0156, 2002 WL 463314, at *1 (S.D. Fla. Jan. 14, 2002) ("[B]ifurcation may well increase litigation expenses by protracting the completion of discovery, coupled with endless disputes over what is 'merit' versus 'class' discovery."); *see also In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. 167, 174 (D.C. 2009) ("Concurrent discovery is more efficient when bifurcation would result in significant duplication of effort and expense to the parties.") (citation omitted).

### 3. Severability

The parties disagree whether the class- and merits-based discovery overlap in this case. (*Compare* Mot. 8–9 *with* Resp. 7–9). Courts increasingly find that class certification and merits issues overlap. *See Newberg on Class Actions*, § 10:7 (5th ed. 2013). In *Dukes,* the Supreme Court found that class certification analysis "will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped. The class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." 131 S. Ct. at 2551–52 (citations and footnote omitted). The Seventh Circuit has found that to determine whether all the class certification elements have been met, a court must frequently make a preliminary inquiry into the merits. *See, e.g., Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012) ("On issues affecting class certification, however, a court may not simply assume the truth of the matters as asserted by the plaintiff. If there are material factual disputes, the court must receive evidence and resolve the disputes before deciding whether to certify the class.") (citation omitted); *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001) ("And if some of the considerations under Rule 23(b)(3) . . . overlap the merits[,] . . . then the judge must make a preliminary inquiry into the merits."); *accord Camilotes v. Resurrection Health Care Corp.*, 286 F.R.D. 339, 345 (N.D. Ill. 2012) ("Because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action, the court's rigorous analysis frequently entails some overlap with the merits of

the plaintiff's underlying claim."). The Court's initial review of the CAC indicates that merits and class certification issues will have some overlap and that bifurcation will not create efficiencies.

## CONCLUSION

In sum, the Defendants have not established a "good reason" to bifurcate. Defendants have not demonstrated how allowing merits-based discovery to continue will delay the class certification briefing, and Plaintiff will likely continue to prosecute his individual claim if certification is denied. Based on the information available to the Court at this time, it appears that class and merits discovery is enmeshed. Finally, substantial delay has already occurred. *See McLaughlin on Class Actions*, § 3:10 (10th ed. 2013) ("Courts are more likely to decline requests to stay pure merits discovery when the nature of the putative representative's claims suggests that it would continue to prosecute individual claims if certification is denied, or a substantial delay has preceded the class certification motion.") (citations omitted). After carefully reviewing the appropriate factors, the Court finds that bifurcating class- and merits-based discovery is not warranted.

Dated: February 24, 2014                    Mary M Rowland