TPM

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re GROUPON, INC. SECURITIES LITIGATION | ) ) ) ) ) ) | Master File No. 12 C 2450 |
| This Document Relates To: | ) ) ) | Hon. Charles R. Norgle |
| ALL ACTIONS. | ) ) ) | Hon. Mary M. Rowland |

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

The Court having reviewed and considered Class Plaintiffs Michael Carter Cohn and Eric Durdov's Unopposed Motion for Preliminary Approval of Class Action Settlement and Notice to the Class (the "Motion"), as well as all papers submitted in support thereof, and having reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Stipulation of Settlement (the "Stipulation"), a copy of which has been submitted with the Motion and the terms of which are incorporated herewith, and all other prior proceedings in this Action, good cause for this Order having been shown:

**IT IS HEREBY ORDERED**:

1. The terms of the Stipulation are hereby preliminarily approved, subject to further consideration at the Final Approval Hearing provided for below.

2. Capitalized terms used in this Order that are not otherwise defined herein have the meaning assigned to them in the Stipulation. The Court concludes that the

Settlement is sufficiently within the range of reasonableness to warrant the dissemination of Notice to Class Members, as provided for in this Order.

3. The Court orders the stay of the litigation pending in this Court and enjoins the initiation of any new litigation by any Class Member in any court, arbitration or other tribunal that includes any Released Claims (as defined in the Stipulation) against Defendant or any of the Released Persons.

4. The Court finds that the Class certified in its September 23, 2014 Order (Dkt. No. 254) should be maintained. To reflect the dismissal of the Former Underwriter Defendants and the fact that the Stipulation does not concede damages, the Parties have requested and the Court orders that the Class definition be modified such that the Class consists of:

> All persons or entities who purchased or acquired shares of Groupon's Class A common stock, par value $0.0001 per share (the "Common Stock"), in or traceable to Groupon's Initial Public Offering between November 4, 2011 and March 30, 2012, both dates inclusive ("the Class Period"), and were or may have been damaged thereby, and all such persons or entities who purchased or acquired shares of Common Stock between February 9, 2012 and March 30, 2012, both dates inclusive ("the Subclass Period") and were or may have been damaged thereby. Excluded from the Class are: (1) Defendants and Former Underwriter Defendants and their immediate families; (2) any entity in which Defendants or Former Underwriter Defendants have or had a majority interest; (3) past and present Officers and Directors of Groupon, Inc.; and (4) the legal representatives, heirs, successors, or assigns of any excluded Party.

**<u>Form and Timing of Notice</u>**

5. The Court approves the form, substance and requirements of (a) the Notice; (b) the Summary Notice; and (c) the Proof of Claim, substantially in the forms attached to the Stipulation as Exhibits B, C, and D, respectively. The Court finds that the mailing and distribution of the Notice and the publication of the Summary Notice in the

manner and form set forth in this Order: (i) are the best notice practicable under the circumstances; (ii) constitute notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, the effect of the proposed Settlement (including the Releases to be provided thereunder), of their right to object to the Settlement, of their right to exclude themselves from the Class and of their right to appear at the Final Approval Hearing; (iv) satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Litigation Securities Reform Act of 1995, and all other applicable laws and rules. The date and time of the Final Approval Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

6. Class Counsel is hereby authorized to retain the firm of KCC Class Action Services as Claims Administrator to supervise and administer the notice and claims procedures.

7. The Court approves the establishment of a Class Notice and Administration Account and hereby authorizes the transfer of up to $200,000 from the Settlement Fund to the Class Notice and Administration Account. As set forth in the Stipulation, the Class Notice and Administration Account shall be used for the purpose of paying the reasonable fees and expenses incurred by, and the reasonable fees charged by, the Claims Administrator in connection with the administration and notice of the Settlement, including the costs of providing notice as specified in this Order. The Court authorizes payment out of the Settlement Fund of all taxes and tax expenses described in paragraph IX.C of the Stipulation.

8. As soon as practicable after entry of this Order, but no later than twenty (20) days of the entry of the Order of Preliminary Approval, the designated Claims Administrator shall cause a copy of the Notice and Proof of Claim substantially in the forms of Exhibits B and D to the Stipulation, to be mailed by first-class United States mail, postage pre-paid, to each Class Member who has been or that may be identified by reasonable efforts, including the nominee procedures set forth herein.

9. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities that purchased Groupon Class A Common Stock during the Class Period as record owners but not beneficial owners. Pursuant to the Notice, each nominee shall either (a) send the Notice and Proof of Claim to Class Members for which they act as nominee by first-class United States mail within seven (7) days after the nominee receives the Notice; or (b) send a list of names and addresses of such beneficial owners to the Claims Administrator within seven (7) days after the nominee receives the Notice, and in the event of the latter, the Claims Administrator shall promptly send by first-class United States mail the Notice and Proof of Claim to all Class Members on the list received from the nominee. The Claims Administrator shall, if requested, reimburse nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members, provided that such expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning reimbursement.

10. At approximately ten (10) days and again at approximately twenty (20) days after mailed Notice is sent, Class Counsel shall also cause a Summary Notice of

Pendency and Proposed Settlement of Class Action and Settlement Hearing, substantially in the form of Exhibit C to the Stipulation, to be published on national business newswire. Class Counsel shall file with the Court no later than seven (7) days prior to the Final Approval Hearing an affidavit or declaration confirming that Notice has been provided as set forth in this Order and that Summary Notice has been published as set forth in this Order

11. Any Class Member who wishes to participate in the Settlement Fund must complete and submit a valid Proof of Claim to the address indicated in the Notice, postmarked on or before the date specified in the Notice. To be valid, a Proof of Claim must: (a) be complete in a manner that permits the Claims Administrator to determine the eligibility of the claim and comply with the instructions of the Proof of Claim and Notice; (b) include the release by the claimant of all Released Persons as set forth in the Stipulation; (c) be signed with an affirmation (notarization not required) that the information is true and correct. All Class Members that do not submit valid and timely Proofs of Claim or that do not submit valid and timely Requests for Exclusion as provided in paragraph 12 of this Order will be forever barred from receiving payment from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation, the Settlement, and all proceedings, determinations, orders and judgments in the Action relating to the Settlement, including the Releases and Judgment provided for therein.

### Request For Exclusion

12. Any member of the Class may request exclusion from the Class and this Action in the manner and with the consequences described herein, providing that all such

Requests for Exclusion must be postmarked or received by the Settlement Administrator no later than fourteen (14) days prior to the Final Approval Hearing (the "Opt-Out/Objection Deadline"). Such request for exclusion shall be in a form that sufficiently identifies (1) the name and address of the person(s) or entity seeking exclusion, and (2) a list of all transaction(s) involving Groupon Class A Common Stock between November 4, 2011 and March 30, 2012, both dates inclusive, and shall include the number of shares, principal amount and trade date of each purchase and sale.

Settlement Administrator:
Groupon Inc. Securities Litigation
EXCLUSIONS
c/o KCC Class Action Services
3301 Kerner Blvd.
San Rafael, CA 94901

13. Class Counsel, in conjunction with the Settlement Administrator, shall file with the Court no later than seven (7) days prior to the Final Approval Hearing a list of all elections to opt out received by the Settlement Administrator by the Opt-Out/Objection Deadline.

14. Any Class Member that does not file a timely and complete Request for Exclusion from the Settlement by the Opt-Out/Objection Deadline will be bound by the Stipulation.

15. Any Class Member that files a timely and complete Request for Exclusion from this Settlement by the Opt-Out/Objection Deadline may proceed with his/her own action.

### Final Approval Hearing; Right to Appear and Object

16. A Final Approval Settlement Hearing (the "Final Approval Hearing") shall take place before the undersigned, United States District Charles R. Norgle, in

Courtroom 2341, United States District Court for Northern District of Illinois, Evert McKinley Dirksen Building, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, on ___7-6-___, 2016, at _10:00_.m., [approximately 105 days after preliminary approval] to determine:

  (a) Whether the Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable, and adequate;

  (b) Whether the proposed Plan of Allocation is fair, just, reasonable, and adequate;

  (c) Whether the Action should be dismissed on the merits and with prejudice as to the Defendants;

  (d) Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action;

  (e) Whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved;

  (f) Whether the application for a reimbursement award to be submitted by Class Plaintiffs should be approved; and

  (g) Such other matters as the Court may deem necessary or appropriate.

  17. The Court may finally approve the Stipulation at or after the Final Approval Hearing with any modifications agreed to by the Parties and without further notice to the Class Members. The Court may approve the Settlement and enter the

7

Judgment regardless of whether it has approved the Fee and Expense Application, any request for a reimbursement award, and/or the Plan of Allocation.

18. The Court reserves the right to adjourn the Final Approval Hearing, including the consideration of all matters referenced in paragraph 16 above, without further notice to Class Members except public notice via the court docket on PACER.

19. Class Counsel shall file opening papers in support of final approval of the Stipulation and Settlement, and any motion for an award of attorneys' fees and reimbursement of expenses, or a reimbursement award to Class Plaintiffs, no later than twenty-one (21) days prior to the Final Approval Hearing.

20. Any Class Member and any other interested person may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection with its consideration of those matters, unless on or before the Opt-Out/Objection Deadline, such person:

(a) Files with the Court a notice of such person's intention to appear, together with a statement setting forth such person's objections, if any, to the matter to be considered and the basis therefore, together with any documentation that such person intends to rely upon at the Final Approval Hearing; and

(b) Serves copies of all such materials either by hand delivery, overnight mail, or certified mail, return receipt requested, upon the following counsel and the Court by the Opt-Out/Objection Deadline:

*For* Class Counsel:  
Joshua B. Silverman

*For* Defendants' Counsel:  
Elizabeth A. Coleman

Pomerantz LLP  
Ten South La Salle St., Ste. 3505  
Chicago, IL 60603

Jenner & Block, LLP  
353 North Clark St.  
Chicago, IL 60654

Court:  
Clerk of the Court  
United States District Court for Northern District of Illinois, Everett McKinley Dirksen Building, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604

21. Class Counsel shall file any reply papers in further support of the Stipulation and Settlement, or any motion for an award of attorneys' fees and reimbursement of expenses no later than seven (7) days prior to the Final Approval Hearing.

### Other Provisions

22. Neither the Stipulation nor any provision therein, nor any negotiations, statements, or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the Class Plaintiffs, Class Counsel, any Class Members, Defendants, the Released Persons (as defined in the Stipulation), or any other person, of liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Action are or are not meritorious, and neither the Stipulation nor any such communications shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Class Plaintiffs, or any Class Members or any person has or has not suffered any damage.

23. In the event that the Settlement is terminated or is not consummated for any reason, the Stipulation and all proceedings had in connection therewith shall be null

and void, and without prejudice to the rights of the parties to the Stipulation before it was executed.

**SO ORDERED** in the Northern District of Illinois on __4/8__, 2016.

_____
UNITED STATES DISTRICT JUDGE
CHARLES R. NORGLE