

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re GROUPON, INC. SECURITIES LITIGATION | Master File No.: 12 CV 2450 |
| | CLASS ACTION |
| This Document Relates To<br>ALL CASES | Hon. Charles R. Norgle |

### ORDER APPROVING DISTRIBUTION OF NET SETTLEMENT FUND

Whereas, this Court approved the terms of the Stipulation of Settlement of April 8, 2016, and approved the Plan of Allocation by order dated July 13, 2016;

Whereas, this Court retained jurisdiction of this Action for the purpose of supervising the implementation of the Stipulation and distribution of the Net Settlement Fund;

Whereas, this Court has reviewed the Unopposed Motion for Order of Distribution, the Declaration of Justin R. Hughes Regarding (A) Mailing of the Notice And Proof of Claim Form; (B) Administration of Received Proofs of Claim; and (C) Proposed Distribution of Settlement Fund ("Hughes Declaration), related documents, and good cause showing,

**IT IS HEREBY ORDERED** as follows:

1. That Class Plaintiffs' motion is GRANTED;

2. The administrative determinations of the Claims Administrator to accept the claims listed in Exhibits B-1 and B-2 to the Hughes Declaration and described in ¶ 36 of the Hughes Declaration, including claims submitted after the filing deadline, are approved and those claims are accepted;

3. The administrative determinations of the Claims Administrator to reject the claims listed

in Exhibit B-3 to the Hughes Declaration and described in ¶ 36 of the Hughes Declaration are approved and those claims are rejected;

4. The Claims Administrator is authorized to make the distributions described in Class Plaintiffs' motion and the Hughes Declaration;

5. The payments to be distributed to Authorized Claimants shall bear the notation "CASH PROMPTLY. VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED 90 DAYS AFTER ISSUE DATE." Any balance remaining in the Net Settlement Fund six (6) months after the initial distribution shall be used (i) first to pay any amounts mistakenly omitted from the Initial Distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution; (ii) second, to pay any additional settlement administration fees and expenses; and (iii) if feasible, distribute the remaining funds *pro rata* to those Authorized Claimants that cashed their Initial Distribution checks and who would be entitled to a pro rata distribution of at least $20.00 or, if not feasible, donated to Loyola University Chicago School of Law, the Institute for Investor Protection.

6. The Claims Administrator shall continue to receive, review and process any correspondence or information submitted by claimants with respect to already-filed Proofs of Claim. Should there be any adjustments to any Proofs of Claim prior to distribution of the Net Settlement Fund, the Claims Administrator shall update its claims database with the new information and report the updated total to Class Counsel prior to distribution;

7. The Claims Administrator is to be paid the sum of $150,566.13 for outstanding fees and expenses already incurred, and those to be incurred in connection with the services performed or to be performed with respect to the administration and disbursement of the Net Settlement Fund. This is in addition to the $200,000 previously authorized by the Court;

8. All persons who were involved in the review, verification, calculation, tabulation, or any other aspect of the administration of claims filed in this Action, and all persons who were involved in the administration or taxation of the Net Settlement Fund, are released from liability for any and all claims arising out of such activities; and

9. This Court shall retain jurisdiction over any further application or matter which may arise in connection with this Action.

7-17-17

*Charles R. Norgle*
US DIST JUDGE

**SO ORDERED.**
CHARLES R. NORGLE

2